Geobge M. Fanelli, J.
This is an article 78 proceeding in the nature of a mandamus wherein petitioner seeks an order directing the commissioner of public safety and superintendent of buildings of the City of Yonkers, New York, to reinstate a certain parking lot license issued to petitioner on May 17, 1957 for the subject premises located at the northwest corner of Central Avenue and Holly Street, Yonkers, New York, but which said license was shortly thereafter revoked. The court has conducted a hearing in this proceeding and testimony has been adduced by the respective parties.
The prime and focal question presented in this proceeding is whether petitioner has acquired a nonconforming use of the premises to the extent that she may lawfully use a portion thereof for public parking. It is the law of this State that nonconforming uses, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provision of the ordinance. Existing nonconforming uses will be permitted to continue, despite the enactment of a prohibitory zoning ordinance if enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over the years, cause serious financial harm to the property owner (see People v. Miller, 304 N. Y. 105).
*229 After a careful consideration of all the testimony adduced and the various exhibits, and bearing in mind the afore-men-tioned principles of law, the court is of the opinion that petitioner has sustained the burden of proof required by a fair preponderance of the credible evidence. The court finds from the credible evidence produced by petitioner that prior to the enactment of the 1953 Zoning Ordinance, wherein petitioner’s property was placed in a zoning classification which did not thereafter permit public open air parking, the within premises were for several years prior thereto, openly, notoriously and continuously, used as a public open air parking area for motor vehicles for which a fee was charged, and that such parking was not merely restricted to or for the convenience of patrons of the diner located on the remaining portion thereof.
Insofar as the Parking Lot Ordinance (General Ordinance No. 16-1950) is concerned, the uncontradicted evidence discloses that the witness, Wallace (formerly the tenant and occupant) did on April 24, 1950 (13 days after the enactment of such ordinance) obtain from the bureau of combustibles of the City of Yonkers a parking lot license for said premises for a period of one year and that he did pay the appropriate fee of $15. While it may be true that this license was not renewed from year to year for reasons best known to him, and that such conduct may have subjected him to certain penalties provided in the ordinance, nevertheless, such behavior on his part did not change the character or use of the premises of the public open air parking use with which they became vested when the 1953 Ordinance was adopted.
In the light of the afore-mentioned, it is the court’s view that petitioner has shown a clear right to the relief sought herein and accordingly, the petition is in all respects granted, but without costs. Settle order on notice.