TOWN OF WILSON, Respondent, v. KUNSTMANN, Appellant.

*May 4—June 2, 1959.*

388

For the appellant there was a brief by *Humke, Poole & Axel* of Sheboygan, and oral argument by *Paul L. Axel.*

For the respondent there was a brief by *Federer, Grote, Hesslink, Rohde & Neuses,* attorneys, and *R. L. Rohde* of

counsel, all of Sheboygan, and oral argument by *R. L. Rohde*.

FAIRCHILD, J. Appellant was found guilty of violating the 1954 ordinance which became effective June 28th. He claims that he had lawfully used his property for parking a house trailer before June 28th and that he had thereby acquired a right to continue such use of his property notwithstanding passage of the 1954 ordinance. He relies upon *Des Jardin v. Greenfield* (1952), 262 Wis. 43, 53 N. W. (2d) 784. The decision cited is not precisely in point. The ordinance of the town of Greenfield absolutely prohibited keeping a trailer occupied or available for occupancy outside a trailer camp. On its face the 1954 ordinance of the town of Wilson does not contain an absolute prohibition, but requires a permit which presumably would be issued upon proper application and compliance with the requirements of the ordinance germane to health, safety, and welfare.

Assuming, however, as contended by appellant that one who lawfully kept a trailer outside a camp before June 28, 1954, could lawfully continue to do so without obtaining a permit, appellant still cannot prevail.

It is clear that if appellant's use of his premises before June 28th was unlawful, he acquired no right to continue such use. *David A. Ulrich, Inc., v. Saukville,* ante, p. 173, 96 N. W. (2d) 612. Appellant attempts to meet this proposition by asserting (1) that the 1950 ordinance was not applicable to individual trailers parked outside a trailer camp, and (2) that the town board improperly refused his application for a permit.

It is evident from the portion of the 1950 ordinance set forth in the statement of facts that the ordinance expressly prohibited parking a trailer outside an approved camp without a permit. The ordinance was purportedly adopted un-

der sec. 60.297, Stats. 1949. Sub. (1) (c) defined "trailer camp" as an area or premises on which space available for two or more trailers is rented or held for rent or free occupancy. Sub. (2) empowered town boards to regulate "trailer camps." Respondent town argues that the statute also authorized regulation of individual trailer sites outside of trailer camps. Even granting that it may not, we deem it clear that a village board would have had power to regulate individual trailer sites under sec. 61.34, and that the town board of the town of Wilson had acquired the same power under sec. 60.18 (12).

Appellant evidently contends further that, even if the 1950 ordinance were valid upon its face, it was void if arbitrarily administered and that therefore his parking prior to June 28th was lawful. See *Lerner v. Delavan* (1930), 203 Wis. 32, 39, 233 N. W. 608. The circuit court, however, considered this issue and declined to find that the town board abused its discretion in denying appellant a permit. While there is testimony to the effect that members of the town board did not want to issue permits for trailers outside trailer camps, there was also testimony, referred to in the decision of the trial court, indicating that appellant intended an evasion of the ordinance by selling off strips of land to owners of trailers. Appellant's application was made orally by the owner of another trailer which was parked a few feet away, on land which appellant had conveyed or was going to convey to him. Both applications were denied. The evidence would by no means compel a finding that the board abused its discretion in denying appellant a permit.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., and CURRIE, J., took no part.