BOARD OF SELECTMEN OF WRENTHAM *vs.* ADOLPH J.
MONSON & another.

Norfolk.    January 6, 1969. — April 18, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Zoning,* Nonconforming use or structure, Trailer.

Failure of landowners in a town to procure a license from the board of
health for use of their land for temporary storage and maintenance of
trailers as required by G. L. c. 140, §§ 32A, 32B, did not destroy the
landowners' right to continue such use as a preëxisting nonconforming
use after an amendment of the zoning by-law forbidding all use of
trailers where it appeared in a suit in equity by the town to enforce
the zoning by-law that the landowners had improved and beautified
their land and installed a leaching bed therein, and that on visits to
the land by the chairman of the board of health the landowners' failure
to procure the license had not been discussed.

BILL IN EQUITY filed in the Superior Court on January 13,
1965.

The suit was heard by *Sgarzi,* J.

*Howard C. Abbott,* Town Counsel, for the plaintiff.

*Howard I. Rosen* for the defendants.

REARDON, J.    The plaintiff, the board of selectmen of
Wrentham, seeks under G. L. c. 40A, § 22, as amended, in
this bill of equity to enforce the zoning by-law of that town.
The defendants owned land largely in Foxboro but partly in
Wrentham.    The injunction sought by the plaintiff would
prohibit the defendants from using their Wrentham land
"for a mobile home park and for the parking of mobile
homes or trailer coaches."    We refer to the findings of the
judge.

The defendants purchased their land in 1962.    There was
then being conducted upon it a business "involving the sale
and use of mobile homes and trailers."    In 1963 a zoning

by-law was enacted prohibiting the use of trailer homes anywhere in Wrentham although prior to that time trailers and mobile homes were allowed subject to the condition that such residences were not to be parked for more than thirty days. By letter to the plaintiff from the defendants' predecessors in title it was agreed that the Wrentham portion of the premises would be confined to the storage and use of trailers for not more than thirty days. The judge found ultimately that the defendants were entitled to employ their premises for the storage and use of trailers for not more than thirty days as a valid nonconforming use, and a decree was entered enjoining them from such a use for more than thirty days. The plaintiff has appealed.

It is the principal contention of the plaintiff that a proper nonconforming use in these circumstances must be based on compliance with the provisions of G. L. c. 140, §§ 32A to 32L, which require a license from a local board of health which the defendants never obtained. They cite Yokley, Zoning Law and Practice (3d. ed.) c. XVI, § 16–2: "For a nonconforming use of property to have continued recognition, it must be a lawful use of property in existence prior to the enactment of a zoning regulation. Thus, a prior use of an unauthorized character or a business or activity carried on in violation of the law may not be continued as a nonconforming use." See *Eggert* v. *Board of Appeals of Chicago,* 29 Ill. 2d 591. The issue for our determination is whether failure to comply with license regulations destroys the right to continue an otherwise valid nonconforming use.

Massachusetts has not decided this issue, and other jurisdictions are divided. A case supporting the defendants' position is *Scavone* v. *Totowa,* 49 N. J. Super. 423, where the nonconforming use of a used car lot was held not vitiated by the fact that the license of the owner was not properly renewed. It was there stated, at pages 427–428, "While it is recognized that the spirit of the zoning statute and the interpretive cases is restrictive of nonconforming uses, nevertheless the owner of property is entitled to stand on the statute without being made to suffer erosion of his rights as

a nonconforming user under the excuse of serving the public policy represented by regulatory enactments of quite different significance for the enforcement of which appropriate sanctions are available."[1]   Cases which tend to support the plaintiff include *Arsenault* v. *Keene,* 104 N. H. 356, and *Melton* v. *San Pablo,* 252 Cal. App. 2d 794, 804–805.   However, we are persuaded by the reasoning of *Drysdale* v. *Beachnau,* 359 Mich. 152.   In that case the court held that operating a garbage dump in violation of the health laws would affect the validity of a nonconforming use but that the use was valid nonetheless since the health department did not protest over a period of years and immediate correction came on the first suggestion from that department.   The court said, at page 155, "We do not believe that a violation of a provision of a regulatory ordinance necessarily destroys the lawfulness of the basic use where compliance with the regulation can be had on demand and where such compliance actually follows."   This seems an eminently sensible and logical approach to apply to the facts in this and similar cases.

We said in *Granby* v. *Landry,* 341 Mass. 443, at page 446, that "Chapter 140, §§ 32A–32L, is not a zoning regulation." It was certainly not so regarded by the plaintiff until it filed its bill.   The judge found that the defendants had made efforts at improvement and beautification and the evidence discloses their expenditure of very substantial sums in that regard.   A leaching bed was installed in 1962 on the Wrentham land on permission from the town and the "State Board of Health."   The chairman of the board of health made a number of visits to the enterprise, at no one of which was there discussion of the defendants' failure to procure permits under G. L. c. 140, § 32A.   These factors tend to indicate the inequity of forcing the defendants to discontinue this nonconforming use.

We therefore hold that a valid nonconforming use is not destroyed in this case by any failure to comply with local

---

[1] The rationale of this case was later cut back by *Andover* v. *Lake,* 89 N. J. Super. 313, which said that validly prohibited activities cannot escape the prohibition merely because they constitute valid nonconforming uses.

or State licensing provisions where the defect, assuming that it exists, can be easily remedied. See *Henning* v. *Goldman*, 8 Misc. 2d. (N. Y.) 228, 229; *Harbison* v. *Buffalo*, 4 N. Y. 2d 553, 557–558.

*Decree affirmed.*