Board of Selectmen of Charlton *vs.* Paul H. Girard. May 6, 1971.
The defendant appeals from a final decree in the Superior Court enjoining
and restraining him from operating his trailer coach park with more than six
trailers at any one time. In 1961, pursuant to G. L. c. 140, §§ 32B and 32F,
the defendant was granted an unrestricted permit to operate a trailer coach
park by the plaintiff, which is also the licensing board for the town of Charlton.
Under § 32B, such licenses expire yearly, and subsequent licenses issued to
the defendant in 1962, 1963 and 1964 limited his use of the land to six trailers.
In 1964, the town duly adopted a zoning by-law prohibiting trailer coach parks
with the exception of "existing trailer parks . . . with their present allowed
number of trailers." Since that by-law has gone into effect the defendant,
who previous to its passage had no more than six trailers on his property, has
operated the park with more than six. The trial judge was clearly correct in
ruling that at the time the by-law was passed the defendant had a nonconform-
ing use to the extent of only six trailers. There is no substance to the de-
fendant's contention that the limited permits of 1962 through 1964 were
invalid because c. 140, § 32B, does not provide that the number of permissible
trailers may be limited in the license. See *Goodwin* v. *Department of Pub.
Util.* 351 Mass. 25, 26–27; *Southern Pac. Co.* v. *Olympian Dredging Co.* 260
U. S. 205, 208. Each successive permit replaced the right granted by its
predecessor to the extent that it differed from it in terms. The defendant
cannot rely on the unrestricted 1961 permit, which expired by its terms on
December 31, 1961, as vesting the right in him after passage of the by-law in
1964 to operate his trailer coach park with more than six trailers. *Selectmen
of Wrentham* v. *Monson,* 355 Mass. 715, relied on by the defendant, is not
applicable. There we held that a valid nonconforming use was not necessarily
destroyed by failure to comply with local or State licensing provisions. Here
the issue is rather the extent of the defendant's valid nonconforming use in
1964, not the effect on it of any noncompliance with licensing provisions.

*Decree affirmed.*

The case was submitted on briefs.
*William J. McManus* for the defendant.
*Thomas J. Donahue, Jr.,* for the plaintiff.