**TRAILER CITY, INC., Appellee,**

v.

**BOARD OF ADJUSTMENT OF the CITY
OF COUNCIL BLUFFS, Iowa,
Appellant.**

No. 56154.

Supreme Court of Iowa.

May 22, 1974.

·Peters, Campbell & Pearson, Council Bluffs, for appellant.

James A. Pratt, Council Bluffs, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON, and HARRIS, JJ.

HARRIS, Justice.

The Board of Adjustment of the City of Council Bluffs (the board) appeals the issuance of a writ of certiorari in a zoning dispute. We modify and affirm.

Since 1948 a trailer park has been in continuous operation on the west side of Lake Manawa in Pottawattamie County. Plaintiff, Trailer City, Inc., (Trailer City) was formed in 1960. Stockholders are members of the Novak family. A member of the family operated the park from 1948 until Trailer City was formed. Soon after it was formed, Trailer City added adjacent realty to its holdings. It acquired all land involved in the present controversy by 1961.

The park was outside city limits until June 4, 1969 on which date all property involved in this litigation was annexed to Council Bluffs. From July 1, 1961 the property was governed by a county zoning ordinance. Under both the county and city ordinances the area was zoned for residential purposes, with the park continuing as a nonconforming use.

This dispute arises from a proposal by Trailer City to expand its operation within a part of its land. This expansion was first contemplated many years ago. In 1961 Trailer City developed a comprehensive plan for the park and its future expansion. The development of the park from 1961 to the present has been continual. As to the area involved in this litigation there have been two major undertakings for its development.

Starting in 1961 Trailer City, with permission of proper state authorities, undertook development of state property lying between the park and Lake Manawa. Trailer City invested about $75,000 to convert an unsightly swamp into an attractive lagoon. The lagoon is adjacent to a part of the developed park and extends southward, lying between the lake and the property owned by Trailer City.

In addition work was done on a sewer plant and a sewer system was installed in 1962 at a cost of $45,000 to $47,000. The design of the sewer system contemplated the proposed expansion and is adequate to service it.

On March 23, 1971 Trailer City applied to the board for a modification of its nonconforming use. As a part of its application Trailer City advised of its intention to develop various additional lots as sites for mobile homes. In connection therewith, permission was sought to develop and relocate several streets in the area.

Spirited opposition to the application emanated largely from owners of high quality residential property in an area called Westlake Village. Westlake Village lies to the south of the lagoon previously described and adjacent to another similar lagoon which extends to the south and is also adjacent to Lake Manawa. It appears some 1800 feet separate the trailer sites presently occupied and Westlake Village. This area, owned by Trailer City, has served as a buffer zone between the park and the homes. The proposal appears to involve less than half of this area.

The application was recommended for approval by the planning director of the City of Council Bluffs and was approved by the planning commission of that city. It was however denied by the board. Thereafter Trailer City brought this statutory action in certiorari as provided in section 414.15, The Code. After hearing the trial court held the board acted in excess of its jurisdiction in denying the application and directed it be approved. The board brought this appeal from that ruling.

■ I. The scope of our review is somewhat unique. Section 414.15, The Code, specifies certiorari for judicial review of board actions in zoning matters. One might accordingly expect considerable limitations on the trial court's authority to review the actions of the board. In appeals from decisions of administrative tribunals plaintiffs generally have the heavy burden of showing such a tribunal exceeded its proper jurisdiction or otherwise acted illegally. Eden Township Sch. Dist. v. Carroll County Bd. of Ed., 181 N.W.2d 158, 167 (Iowa 1970). A reading of section 414.15 might lead one to conclude our

review would be thereby limited " * * * to determining whether * * * there is substantial evidence to support the court's finding that the board's action was arbitrary, capricious and unreasonable without substantial support in the record." Eden Township Sch. Dist. v. Carroll County Bd. of Ed., 181 N.W.2d at 167. The board insists the trial court and we are limited in accordance with this general rule.

The authority of the trial court and the scope of our review are however shaped by statute. Section 414.18 provides:

"If upon the hearing which *shall be tried de novo* it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. *The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review.*

" * * *" (Emphasis added)

Our cases interpreting this section, standing alone, seem clear:

"While under section 414.18, [The Code], the hearing in the trial was de novo, under rules 318 and 334, Rules of Civil Procedure, the hearing before this court is as in ordinary actions, on assigned errors, with *the finding of the trial court having the force of a verdict.* (Authorities)." (Emphasis added) Granger v. Board of Adjustment, 241 Iowa 1356, 1360, 44 N.W.2d 399, 401.

However attention should also be given a companion Code section and the cases interpreting it. Section 358A.21, The Code, provides for the court hearing upon a statutory certiorari review of actions of the board of adjustment in matters arising from a county zoning commission. The language of section 358A.21 (county zoning) is identical with that found in section 414.18 (city zoning). Decisions describing our scope of review under 358A.21 are not in exact harmony with those previously mentioned which interpret section 414.18. See 'Vogelaar v. Polk County Zoning Bd. of Adjustment, Iowa, 188 N.W.2d 860 (1971); Buchholz v. Board of Adjustment of Bremer Co., Iowa, 199 N.W.2d 73 (1972). In Vogelaar we held:

" * * * Although review in the district court is de novo in the sense that testimony in addition to the return may be taken if it appears to the court necessary for proper disposition of the matter, the testimony should rightfully be confined to questions of illegality raised by the petition for the writ of certiorari. (Authorities). * * * However we have held repeatedly in similar appeals our review is on assigned errors only. (Authorities). * * *." 188 N.W.2d at 863.

Because the two sections are identical we believe an understanding of the scope of review must be gathered by considering together our cases interpreting both companion sections (358A.21 and 414.18). In Buchholz we held the term "de novo" used in both sections " * * * does no more than permit the introduction of additional evidence in district court if the court finds that course necessary for proper disposition of the cause. * * *." 199 N.W.2d at 78.

Upon a consideration of the cited cases interpreting our scope of review upon appeal from both sections we believe that scope can be described as follows:

■ The term "de novo" as used in either section does not bear its equitable connotation. It authorizes the taking of additional testimony, but only for the submission and consideration of those questions of illegality raised by the statutory petition for writ of certiorari. Upon the hearing to determine such questions the trial court, as both sections 414.18 and 358A.21 provide, " * * * may reverse or affirm, wholly or partly, or may modify the deci-

sion brought up for review." The action of the trial court has the effect of a jury verdict and is appealable to us on assigned errors only.

■■ Under this test we think the record easily supports the finding of illegality in the board's action. Trailer City's application is " * * * not an enlargement or extension of a nonconforming use" and "substantial construction on the entire tract had been commenced and substantial liabilities incurred and that the entire tract owned by [Trailer City was] a nonconforming use as a mobile home park at the time the tract became subject to city zoning regulations."

II. The board separately argues Trailer City did not maintain a nonconforming use because it failed to be properly and continually licensed.

The State regulates the establishment and maintenance of mobile home parks under chapter 135D, The Code. Section 135D.2 requires an annual license from the state department of health for the operation of such parks. Such a license was issued for this park on March 2, 1961 when the park was outside the corporate limits of Council Bluffs. Since there was then no county zoning ordinance in effect, the license obtained was the only one available or required.

■ The board urges Trailer City failed to show the license required under section 135D.2 was renewed annually. We do not believe any failure to renew the license, if there was such a failure, alters the status of Trailer City's nonconforming use. The board believes such a failure renders the operation illegal and voids the nonconforming use. Authority cited for this view is David A. Ulrich, Inc. v. Town of Saukville, 7 Wis.2d 173, 96 N.W.2d 612 (1959); County of Saunders v. Moore, 182 Neb. 377, 155 N.W.2d 317 (1967); and Town of Wilson v. Kunstmann, 7 Wis.2d 387, 96 N.

W.2d 709 (1959). We believe however these cases represent the less sound view. See McQuillin Municipal Corporations, Volume 8A, Zoning, section 25.186, pages 27–29.

We agree with the view expressed in Board of Selectmen of Wrentham v. Monson, 355 Mass. 715, 247 N.E.2d 364, 365 (1969) which holds:

■ "We therefore hold that a valid nonconforming use is not destroyed * * * by any failure to comply with local or State licensing provisions where the defect, assuming that it exists, can be easily remedied. (Authorities)." See also Board of Selectmen of Charlton v. Girard, 269 N.E.2d 703 (Mass.1971) and Henning v. Goldman, 8 Misc.2d 228, 169 N.Y.S.2d 817 (1957). We hold a failure to comply with local or state licensing provisions ordinarily will not destroy a nonconforming use. Trailer City's nonconforming use was not destroyed by a failure to annually renew the license required · under section 135D.2.

III. Another paragraph of section 414.-18 provides:

"Costs shall not be allowed against the board, unless it shall appear to the court that it acted with gross negligence or in bad faith or with malice in making the decision appealed from."

■ Under authority of this section the trial court assessed costs against the board. We believe the record does not justify a finding of gross negligence, bad faith, or malicious conduct on the part of the board. The assessment of costs against the board was not justified. The judgment of the trial court must be modified so as to tax costs of the trial in district court to Trailer City.

As modified the judgment of the trial court is

Affirmed.