**Larry Joe DOERRING,
Plaintiff–Appellee,**

v.

**Eugene F. KRAMER, Administrator
of the Estate of Jerry Leroy
Heins, Defendant,**

and

**Brenda Ranae Heins, Defendant–
Appellant.**

No. 95–1502.

Court of Appeals of Iowa.

Oct. 25, 1996.

David L. Strand of the Putnam & Strand Law Office, Decorah, for defendant–appellant.

Edward J. Gallagher of Gallagher, Langlas & Gallagher, P.C., Waterloo, and James R. Hellman of Dutton, Braun, Staack, Hellman & Iversen, P.L.C., Waterloo, for plaintiff–appellee.

Samuel C. Anderson of Swisher & Cohrt, P.L.C., Waterloo, for defendant.

Considered by CADY, P.J., STREIT, J., and HAYDEN, Senior Judge.*

HAYDEN, Senior Judge.

Defendant Brenda Heins appeals the decision of the district court dismissing her counterclaim against plaintiff for failure to state a cause of action. We reverse and remand for further proceedings.

On June 11, 1993, Larry Doerring was in an automobile accident with a vehicle driven by Jerry Heins. Jerry died as a result of the accident. The vehicle Jerry was driving was owned jointly by Jerry and Brenda Heins. On June 6, 1995, Doerring filed suit against Jerry's estate and Brenda, alleging Jerry had been negligent in the operation of his vehicle.

On June 12, 1995, Brenda filed a combined document which constituted her answer, affirmative defense, and counterclaim. Her answer denied the allegations Jerry had been negligent. In her affirmative defense, she claimed Doerring had been negligent. Her counterclaim raised the issues of loss of consortium and emotional distress. However, the counterclaim failed to affirmatively allege Doerring had been negligent.

* Senior judge from the Iowa Court of Appeals serving by order of the Iowa Supreme Court.

Doerring filed a motion to dismiss the counterclaim on June 26, 1995. He claimed the counterclaim failed to state any basis upon which he could be liable because it did not contain any allegation of negligence or fault. In response, Brenda filed a motion to amend her counterclaim to contain a paragraph alleging Doerring was negligent and his negligence was the proximate cause of the accident.

The district court found the counterclaim failed to state a cause of action because it did not include a simple statement of the prima facie elements of the claim. The court denied the motion to amend. The court noted the motion was outside the two-year statute of limitations. The court found the proposed amendment constituted a new cause of action because the original counterclaim failed to state any cause of action, and therefore, the amendment would not relate back to the date of the filing of the original counterclaim. The court dismissed the counterclaim under Iowa Rule of Civil Procedure 104(b). Brenda has appealed.

■ **I.** On an appeal from a dismissal for failure to state a claim under Rule 104(b), our review is closely circumscribed. *Holsapple v. McGrath*, 521 N.W.2d 711, 712 (Iowa 1994). We must assess the counterclaim in the light most favorable to the counter claimant, and resolve all doubts and ambiguities in her favor. *Id.* We look to the pleadings to determine if they were so deficient plaintiff was deprived of notice of the claims made. *Haupt v. Miller*, 514 N.W.2d 905, 909 (Iowa 1994).

Brenda contends the district court erred in dismissing her counterclaim for failure to state a cause of action. She states the counterclaim was sufficient under the notice pleading requirements of Rule 69(a). Brenda admits there was no statement in the counterclaim Doerring was negligent. She believes the pleadings should be taken as a whole, including the answer and affirmative defense, which did allege Doerring was negligent.

■ Rule 69(a) requires only a short and plain statement of the claim; it does not require a pleading of facts. *Dudley v. GMT*

*Corp.*, 541 N.W.2d 259, 261 (Iowa App.1995). The supreme court has stated:

> Since the advent of notice pleading under Iowa Rule of Civil Procedure 69(a), it is a rare case which will not survive a rule 104(b) motion. As a result, disposition of unmeritorious claims in advance of trial must now ordinarily be accomplished by other pretrial procedures which permit narrowing of the issues and piercing of the bare allegations contained in the petition.

*Haupt*, 514 N.W.2d at 909 (quoting *American Nat'l Bank v. Sivers*, 387 N.W.2d 138, 140 (Iowa 1986)). One reason for liberality in pleading requirements is the broad scope of various pretrial devices for discovery of facts and formulation of issues. *Kester v. Bruns*, 326 N.W.2d 279, 284 (Iowa 1982).

The district court relied upon *Biddle v. Sartori Memorial Hospital*, 518 N.W.2d 795 (Iowa 1994), where a plaintiff's action against a hospital based on a doctor's negligence was dismissed. *Id.* at 796. The petition did not allege a claim of vicarious liability. *Id.* Plaintiff argued a reasonable person reading the petition as a whole would surely be on notice the litigation sought to hold the hospital liable for the negligence of the doctor. *Id.* at 797. The supreme court stated even the liberal notice pleading rules require a simple statement of the prima facie elements of a claim. *Id.*

■ We believe the present case can be distinguished from *Biddle*. We first note the supreme court's statements in *Biddle* on the issue of notice pleading were dicta because the court specifically stated its decision did not rest on the pleading issue. *Id.* Furthermore, we believe the pleadings in this case, taken as a whole, do include a simple statement of the prima facie elements of a claim. The affirmative defense clearly raises the issue of Doerring's negligence. After viewing the pleadings in a light most favorable to Brenda and resolving doubts and ambiguities in her favor, we determine the pleadings were not so deficient plaintiff was deprived of notice of the claims made.

In light of our liberal notice pleading requirements, we conclude the counterclaim should not have been dismissed for failure to

state a cause of action. We reverse the decision of the district court on this issue.

**II.** Brenda claims the district court abused its discretion in denying her motion to amend the counterclaim. Whether a party should be granted leave to amend its pleadings rests in the discretion of the district court. *Whalen v. Connelly,* 545 N.W.2d 284, 292 (Iowa 1996). Our real inquiry in reviewing a trial court's ruling on a motion to amend is whether the ruling lacks a solid legal basis. *Neylan v. Moser,* 400 N.W.2d 538, 543 (Iowa 1987). Generally, amendments are the rule and denials the exception. *In re Marriage of Fields,* 508 N.W.2d 730, 732 (Iowa 1993). An amendment to a pleading which substantially changes the issues should not be allowed. *Tomka v. Hoechst Celanese Corp.,* 528 N.W.2d 103, 108 (Iowa 1995).

We find the proposed amendment to the counterclaim did not substantially change the issues, but only clarified the issues already raised. As discussed above, the original petition should be construed to allege Doerring's negligence. The proposed amendment made this claim more clear by specifically alleging Doerring's negligence was the proximate cause of Brenda's damages. We conclude the court abused its discretion in denying the motion to amend.

Brenda's motion to amend was filed after the statute of limitations had run in this case. We next address the issue of whether the amendment should relate back to the date the counterclaim was filed. Rule 89 provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Here, the claim asserted in the amended pleading is the exact same claim set forth in the original pleading. We determine the amendment should relate back to the date of the original pleading, and is not barred by the applicable statute of limitations.

We reverse the decision of the district court and remand for further proceedings in accordance with this decision. We do not retain jurisdiction. Costs of this appeal are assessed to plaintiff.

**REVERSED AND REMANDED.**