# IN THE COURT OF APPEALS OF IOWA

No. 16-0620
Filed April 19, 2017

**JAYSEN MCCLEARY,**
        Plaintiff-Appellant,

**vs.**

**CITY OF DES MOINES ZONING BOARD OF ADJUSTMENT,**
        Defendant-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.


        Jaysen McCleary appeals the district court's dismissal of his writ of certiorari. **AFFIRMED.**


        Jaysen McCleary, Des Moines, appellant pro se.

        Luke DeSmet, Assistant City Attorney, Des Moines, for appellee.


        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**PER CURIAM.**

Jaysen McCleary appeals the district court's dismissal of his writ of certiorari claiming the writ was timely filed, some of his claims survived the dismissal, and the attorney for the City of Des Moines Zoning Board of Adjustment (the Board) should have been disqualified. Because we conclude McCleary's appeal from the decision of the Board was untimely, we affirm the district court's grant of the motion to dismiss. We also conclude the court did not abuse its discretion in refusing to disqualify the Board's attorney and affirm on that claim.

## I.      Background Facts and Proceedings

In September 2014, McCleary filed an appeal with the Board seeking various zoning variances and permits related to his desire to operate a pet boarding business out of his home. A public hearing was held on September 22, and the Board issued its decision denying McCleary's requests on October 23, 2014. On November 25, 2014, McCleary filed a petition for a writ of certiorari, seeking to overturn the Board's decision on various grounds, including federal constitutional claims. On January 2, 2015, the case was removed to federal court.

On January 20, 2015, McCleary filed a "First Amended Petition for Certiorari and Application for Restraining Order and Request for Declaratory Relief and Damages under 42 U.S.C. § 1983." McCleary also filed a motion to disqualify the Board's counsel because he had represented McCleary prior to gaining employment with the Board. On March 11, the federal district court denied McCleary's motion after concluding the matter the Board's counsel had

previously represented McCleary on was not substantially related to the current matter and did not give rise to any conflicts. Following the Board's motion to dismiss, the federal district court dismissed all of McCleary's federal claims, and the case was remanded to state court.

On October 6, 2015, the Board filed a motion to dismiss in Polk County district court, arguing McCleary's November 25, 2014 petition for a writ of certiorari was untimely. On November 2, McCleary again filed a motion to disqualify the Board's counsel. The district court concluded McCleary had "not produced substantial evidence of any prior representation by [the Board's counsel] that bears any relationship to the instant matter" and denied McCleary's request. On December 18, the court determined McCleary's petition "was untimely in that it was filed with the court later than thirty days after the filing of the subject decision" and granted the Board's motion to dismiss. On December 23, McCleary filed a motion asserting his claims for declaratory relief survived the motion to dismiss and seeking a trial on those claims. On March 12, 2016, the court, treating McCleary's motion as a motion to amend and enlarge under Iowa Rule of Civil Procedure 1.904(2), denied the motion, concluding McCleary had failed "to bring this issue to the court's attention in connection with his resistance to the motion to dismiss and the hearing regarding that motion." McCleary appeals.

## II.    Standard of Review

We review rulings on a motion to dismiss for correction of errors at law and will affirm "if the petition fails to state a claim upon which relief may be granted." *Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016). Our review of a

ruling on a motion seeking to disqualify an attorney is for abuse of discretion, and we give deference to the district court's factual findings if they are supported by substantial evidence. *Bottoms v. Stapleton*, 706 N.W.2d 411, 414–15 (Iowa 2005).

### III. Motion to Dismiss

McCleary asserts the district court erred in dismissing his petition for being untimely because the deadline for him to file his appeal did not begin to run until he *received* actual notice of the Board's final decision. McCleary also argues his claims for declaratory relief survived the motion to dismiss. The Board argues McCleary's appeal was untimely and none of his claims survived the motion to dismiss.

Iowa Code section 414.15 (2014) establishes the right to appeal a decision from a zoning board and provides "[s]uch petition shall be presented to the court within thirty days after the filing of the decision in the office of the board." The language of the statute is clear and unambiguous regarding the time to appeal from a ruling of the zoning board. *See Chrischilles v. Arnolds Park Zoning Bd. of Adjustment*, 505 N.W.2d 491, 494 (Iowa 1993) ("If the Chrischilles had a quarrel with the legality of the variance, they were obligated under section 414.15 to challenge it within thirty days."). McCleary filed his appeal on November 25—more than thirty days after the decision of the Board had been filed on October 23. Thus, his appeal was not timely, and the district court did not have jurisdiction to hear it. *See Sergeant Bluff-Luton Sch. Dist. v. City*

*Council of Sioux City*, 605 N.W.2d 294, 297 (Iowa 2000) ("An untimely petition for writ of certiorari deprives the reviewing court of subject matter jurisdiction.").[1]

McCleary also asserts that his actions for declaratory relief survived the motion to dismiss because they are an alternative avenue of relief for the Board's decision and are not subject to the same timeliness requirements as writs of certiorari. Although section 414.15 refers to writs of certiorari as the method of appealing a zoning board's decision, we do not find the timeliness requirements are altered by the choice of a different course for relief, such as a petition for declaratory relief. In section 414.15, the legislature described the proper course for appealing a decision of a zoning board, including establishing a thirty-day time limit to appeal. Regardless of the avenue of relief McCleary chose, he was still appealing the decision of the zoning board and was subject to the statutory requirements of such an appeal. Accordingly, when the district court dismissed McCleary's claims on timeliness grounds, the dismissal included all of his appeals stemming from the decision of the Board, including his claims for declaratory relief.

---

[1] McCleary also claims his petition was timely because he attempted to file it on November 24, but it was rejected because it was improperly docketed and McCleary did not pay the filing fee on November 24. We reject this claim based on the rules pertaining to our electronic filing system. *See* Iowa R. Elec. P. 16.309(1)(a)(2) ("A submission that the clerk of court returns unfiled because of an error is given a file stamp when the filer submits the corrected version."); Iowa R. Elec. P. 16.309(1)(b) ("The date and time of the electronic file stamp are considered the official filing date and time for purposes of computing relevant deadlines."); *see also Jacobs v. Iowa Dep't of Transp.*, 887 N.W.2d 590, 599 (Iowa 2016) ("Accordingly, we hold today that a resubmitted filing can relate back to the original submission date for purposes of meeting an appeal deadline when the following circumstances converge. First, the party submitted an electronic document that was received by EDMS prior to the deadline and was otherwise proper except for minor errors in the electronic cover sheet—i.e., errors that could have been corrected or disregarded by the clerk. Second, the proposed filing was returned by the clerk's office after the deadline because of these minor errors. Third, the party promptly resubmitted the filing after correcting the errors.").

## IV. Motion to Disqualify Counsel

McCleary claims the Board's attorney should have been disqualified because he had previously represented McCleary in another matter. The State responds McCleary failed to show a conflict of interest that required disqualification.

Iowa Rule of Professional Conduct 32:1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Under this rule, matters are "substantially related" "if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Iowa R. Prof'l Conduct 32:1.9 cmt. 3. We examine three factors in determining whether two matters are substantially related: "(1) the nature and scope of the prior representation; (2) the nature of the present lawsuit; and (3) whether the client might have disclosed a confidence to [their] attorney in the prior representation which could be relevant to the present action." *Doe ex rel. Doe v. Perry Cmty. Sch. Dist.*, 650 N.W.2d 594, 598 (Iowa 2002).

In a professional statement to the court, the Board's counsel described his prior representation of McCleary, which occurred in 2011, as assisting a former law partner

> by providing a model letter of intent for a business purchase and reviewing a draft of the letter written either by [the former partner] or by Mr. McCleary. While assisting with that letter, I may have

> reviewed related documents, engaged in phone conversation with Mr. McCleary, and I participated in several e-mail communications related to the transaction. I did not meet Mr. McCleary in person and recall no further involvement in the transaction.

Based on this statement, it is clear the Board's attorney participated in representing McCleary in some capacity; however, in comparison to cases where our supreme court has found rule 32:1.9 violations, we do not find the nature and scope of the representation was significant. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Stoller*, 879 N.W.2d 199, 217 (Iowa 2016); *see also Doe*, 650 N.W.2d at 599 (finding an attorney was involved in prior representation where the attorney had met the clients, appeared with them in court, and signed pleadings as their attorney).

The nature of the present action appears wholly unrelated to the Board's attorney's prior representation of McCleary. While the prior representation involved the purchase of a business, this suit involves a zoning dispute between the Board and McCleary. While McCleary claims a connection exists because the prior representation involved the same property, it strains us to see how that connects the nature and scope of the prior representation to the nature of this lawsuit.

In considering "whether the client might have disclosed a confidence to her attorney in the prior representation which could be relevant to the present action," the lack of a connection between the prior representation and the current lawsuit make it unlikely McCleary disclosed a confidence that is relevant to the lawsuit. *Doe*, 650 N.W.2d at 598. While the Board's attorney likely had access to some confidential information while assisting McCleary with a potential

business purchase, it is unclear how any of that information would be relevant to McCleary's request for a zoning variance.

Based on our consideration of the three relevant factors, we conclude the Board's attorney's prior representation of McCleary did not "substantially relate" to the current lawsuit. Thus, we discern no abuse of discretion in the district court's refusal to disqualify the Board's attorney.

## V. Conclusion

Because we conclude McCleary's appeal from the decision of the Board was untimely, we affirm the district court's grant of the motion to dismiss. We also conclude the court did not abuse its discretion in refusing to disqualify the Board's attorney and affirm on that claim.

**AFFIRMED.**