# IN THE COURT OF APPEALS OF IOWA

No. 18-0784
Filed June 19, 2019

**JOHN BARTON GOPLERUD, LESLIE CLEMENSON, LYLE HALE, and DOROTHY HALE,**
    Plaintiffs-Appellants,

**vs.**

**DALLAS COUNTY, IOWA, DALLAS COUNTY BOARD OF ADJUSTMENT, and NAPA VALLEY OWNERS ASSOCIATION,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dallas County, Dustria A. Relph, Judge.

Plaintiffs appeal the district court decision dismissing their petition for writ of certiorari challenging the decision of the Dallas County Board of Adjustment finding they were in violation of zoning ordinances and their claim against the Napa Valley Owners Association for tortious interference with their property rights. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

J. Barton Goplerud of Shindler, Anderson, Goplerud & Weese, PC, West Des Moines, and Leslie Clemenson of Clemenson Law Firm, PLC, Adel, for appellants.

Hugh J. Cain, Brent L. Hinders, and Eric M. Updegraff of Hopkins & Huebner, P.C., Des Moines, for appellees Dallas County, Iowa and Dallas County Board of Adjustment.

Joseph F. Moser and Robert L. Johnson of Finley Law Firm, P.C., Des Moines, for appellee Napa Valley Owners Association.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Plaintiffs appeal the district court decision dismissing their petition for writ of certiorari challenging the decision of the Dallas County Board of Adjustment (Board) finding they were in violation of zoning ordinances and their claim against the Napa Valley Owners Association (NVOA) for tortious interference with their property rights. We determine the district court erred by dismissing the petition for writ of certiorari based on its finding plaintiffs had not shown they were aggrieved by the Board's decision. We reverse on this issue and remand for further proceedings. We conclude the district court did not err in granting the motion to dismiss filed by the NVOA for failure to state a claim upon which relief may be granted, and affirm the court's ruling on this issue.

## I.       Background Facts & Proceedings

John Goplerud and Leslie Clemenson (Gopleruds) own a house in the Napa Valley Estates housing division in Dallas County, Iowa. On May 20, 2014, the Gopleruds filed an application with the Dallas County Department of Planning and Development (Department) for a building permit for a combined carriage house and garage on their property. The Department issued a building permit. During the construction process they obtained subcontractor permits and passed building inspections as required by the Department. A Certificate of Zoning Compliance and Occupancy Permit was issued by the Department on February 13, 2015. Clemenson's parents, Lyle and Dotti Hale, moved into the carriage house.[1]

---

[1] The lower level of the building is a garage for vehicles. The upper level of the building has living quarters.

The Gopleruds were subsequently sued by the NVOA, who claimed the occupied carriage house did not meet the restrictive covenants of the homeowners association.[2] While the suit was pending, the NVOA contacted the Department, stating the NVOA believed the Gopleruds were in violation of Dallas County zoning ordinances, as two single-family residences on one lot were not permitted in the R-2 Zoning District where the house was located.

The Department issued a notice of violation to the Gopleruds on January 10, 2017, which stated they were in violation of Dallas County ordinances and the violation must be abated by March 10, 2017. The notice stated:

> Failure to correct/abate the violation within the above time frame will result in further action by the county, including prosecution as a simple misdemeanor punishable by a fine or imprisonment, or the issuance of a civil citation and assessment of a fine. Each day that you are determined to be in violation constitutes a separate offence.

In order to abate the violation, the Gopleruds were informed they needed to (1) cease and desist using the building as a residence, (2) modify the building to comply with the occupancy permit, and (3) use the building in compliance with zoning regulations.

The Gopleruds appealed the Notice of Violation to the Board. After a hearing, the Board issued a decision on June 20, 2017, finding:

> Based on the evidence presented at the public hearing, the Board finds that the accessory building that Goplerud/Clemenson built is clearly a single family dwelling that does not meet the definition of an accessory building because more than 51% of the total square footage of the building is for residential use and not storage, and because the evidence shows that the building is used

---

[2] This matter is presently pending on appeal in *Napa Valley Owners Ass'n v. Goplerud*, No. 18-0918.

as the primary residence for the parents of Clemenson, in violation of the ordinance.

The Board upheld the Notice of Violation.

The Gopleruds and Hales (plaintiffs) filed a petition for writ of certiorari, request for a stay or restraining order, and request for declaratory relief against Dallas County, the Board, and the NVOA. They stated the Board improperly considered ex parte evidence, violated the Iowa Open Meetings Law, and the proceedings constituted an untimely appeal of the building permit. The plaintiffs also claimed the Board's decision was not supported by the evidence, was arbitrary and capricious, and was an appropriation of the Gopleruds' property without due process of law. The petition claimed the NVOA engaged in tortious interference with the Gopleruds' use of their property by contacting the Department on several occasions, requesting a decision finding the Gopleruds were in violation of Dallas County ordinances. Additionally, the plaintiffs requested a stay or restraining order preventing the Board from attempting to seek criminal or civil penalties as set out in the Notice of Violation.

Dallas County filed a pre-answer motion to dismiss, claiming the Board's decision was not a final decision on the issue of whether the Gopleruds violated Dallas County ordinances. It pointed out the alleged infractions had not been submitted to a court and the Gopleruds had not yet been subjected to any sanctions. Dallas County claimed the Notice of Violation was in the nature of a warning. The NVOA joined in the pre-answer motion to dismiss. After a hearing, the district court denied the pre-answer motions to dismiss, finding, "[T]he Petitioners are aggrieved by the Board of Adjustment's decision to agree with the

Department's decision to issue a Notice of Violations concerning a county zoning matter. Therefore, Plaintiffs are authorized by Iowa Code § 335.18 [(2017)] to present the present Petition to the court."

The NVOA additionally filed a separate motion to dismiss, claiming the Gopleruds' petition failed to state a claim upon which relief may be granted in their assertions against the NVOA. The district court granted NVOA's motion to dismiss the claims of tortious interference against it.

A hearing was held on whether the court should issue the writ of certiorari. *See* Iowa R. Civ. P. 1.1406. Dallas County stated, "We agree that this petition is sufficient and you should issue a writ of certiorari against the Dallas County Board of Adjustment for purposes of making a record return." The court noted the petition stated the Hales "have been injured in a manner special to them." The court then stated:

> There is no other allegation, no evidence in the petition to support a finding that the plaintiffs have been aggrieved or that there is any specific and injurious effect that the plaintiffs have suffered as a result of essentially the Board of Adjustment's findings and agreement with the director's decision to issue a notice of violation.
> Certainly, as we know, no effort has been made by the County or the Board to enforce the notice. There's not been any judicial determination that an actual violation has occurred, that the petitioners have even violated an ordinance, and there's not been any evidence or any allegation or any claim that the petitioners have suffered any injurious effect in an attempt to cure the alleged violation.
> So based upon those things, I believe that the petition is insufficient and should be dismissed.

The court entered a written decision on April 13, 2018, stating:

> Based upon the contents of the Petition and the record made on this date, the Court finds that the Petitioners have failed to allege the [Board's] decision has resulted in any specific and injurious effect on their interest in [the] subject matter of the [Board's] decision as

required by Iowa Code section 335.18 and as defined in Iowa law. *See Chrischelles v. Arnolds Park* [*Zoning Bd. of Adjustment*], 505 N.W.2d 491, 494 (Iowa 1993) (requiring a petitioner in an action for writ of certiorari to provide evidence of "(1) a specific personal and legal interest in the subject matter of the agency decision and (2) a specific and injurious effect on this interest by the decision").

The court dismissed the petition for writ of certiorari. Plaintiffs now appeal.

## II.      Standard of Review

A party "aggrieved" by a decision of a county board of adjustment may file a petition for writ of certiorari claiming the board's decision is illegal. *See* Iowa Code §§ 335.18, .19. The matter is tried de novo by the court. *Id.* § 335.21. As used in section 335.21, the term "de novo" "does not bear its equitable connotation." *Martin Marietta Materials, Inc. v. Dallas Cty.*, 675 N.W.2d 544, 551 (Iowa 2004). "It authorizes the taking of additional testimony, but only for the submission and consideration of those questions of illegality raised by the statutory petition for writ of certiorari." *Id.* (quoting *Trailer City, Inc. v. Bd. of Adjustment*, 218 N.W.2d 645, 647 (Iowa 1974)). The district court makes its own factual findings, but does not decide the case anew. *Id.* Plaintiffs have the burden to show the Board's decision was illegal. *See* Iowa Code § 335.18.

Our role on appeal has been set out by the supreme court, "Our review on appeal of the district court's decision is at law. We are therefore bound by the district court's findings if supported by substantial evidence. But we are not bound by erroneous legal rulings that materially affect the court's decision." *Martin Marietta Materials*, 675 N.W.2d at 551 (citing *Baker v. Bd. of Adjustment,* 671 N.W.2d 405, 414 (Iowa 2003)).

### III. Writ of Certiorari

Under section 335.18, a person "aggrieved by any decision of the board of adjustment" may file a petition for writ of certiorari "setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality." Iowa Code § 335.18. Iowa Rule of Civil Procedure 1.1406 provides the court may hold a hearing prior to issuing the writ. "Any hearing shall be confined to the sufficiency of the petition, what records or proceedings shall be certified, and the terms of any bond to be given." Iowa R. Civ. P. 1.1406. At this stage, "[w]e are confronted only with the question whether certiorari will lie in the pleaded circumstances." *Hoefer v. Sioux City Cmty. Sch. Dist.*, 375 N.W.2d 222, 224 (Iowa 1985).

In ruling on the pre-answer motions to dismiss, the district court found the Gopleruds were "aggrieved by the Board of Adjustment's decision to agree with the Director's decision to issue a Notice of Violations concerning a county zoning matter." The court concluded the Gopleruds were "authorized by Iowa Code § 335.18 to present the present Petition to the court." At the rule 1.1406 hearing, however, the court found there was no evidence to show "plaintiffs have been aggrieved or that there is any specific and injurious effect that the plaintiffs have suffered as a result of essentially the Board of Adjustment's findings and agreement with the director's decision to issue a notice of violation." The court determined the petition for writ of certiorari should be dismissed because plaintiffs did not show they were "aggrieved by any decision of the board of adjustment." *See* Iowa Code § 335.18.

"Proof that a party is 'aggrieved' by agency action is shown by evidence of '(1) a specific personal and legal interest in the subject matter of the agency

decision and (2) a specific and injurious effect on this interest by the decision.'" *Chrischilles*, 505 N.W.2d at 493–94 (quoting *Iowa–Illinois Gas & Elec. Co. v. Iowa State Commerce Comm'n,* 347 N.W.2d 423, 426 (Iowa 1984)). "The specific interest required for standing needs only to be distinguishable from 'a general interest, such as is the concern . . . of the community as a whole.'" *Iowa Power & Light Co. v. Iowa State Commerce Comm'n*, 410 N.W.2d 236, 239 (Iowa 1987) (quoting *Iowa–Illinois Gas & Elec. Co.*, 347 N.W.2d at 426).

As noted, "[w]e are confronted only with the question whether certiorari will lie in the pleaded circumstances," meaning we must concentrate on the claims in the petition. *See Hoefer*, 375 N.W.2d at 224. We first consider whether the claims in the petition adequately show "a specific personal and legal interest in the subject matter of the agency decision." *See Chrischilles*, 505 N.W.2d at 493–94. The petition states the "Gopleruds and Hales spent several hundreds of thousands of dollars constructing this carriage house/garage." Also, the Hales relied upon the building permit issued by the Department and "sold their acreage of 25 years in anticipation of living in the completed carriage house/garage." The petition states, "The Hales have a specific personal, property, and legal interest in this matter, as they have been injured in a manner special to them, and not any other party, homeowner, or the public as a whole, by the illegal actions of the Dallas County [Board]."

We find the district court erred in concluding the petition for writ of certiorari did not set out a claim plaintiffs had "a specific personal and legal interest in the subject matter of the agency decision." *See id.* The petition shows the plaintiffs have an interest in the Board's decision upholding the Notice of Violation which is

distinguishable from the interest of the community as a whole, as the notice relates to the Gopleruds' property and residence of the Hales. *See Iowa Power & Light Co.*, 410 N.W.2d at 239.

We next consider whether the petition contains a claim plaintiffs received "a specific and injurious effect on [their] interest by the [Board's] decision." *See Chrischilles*, 505 N.W.2d at 494. The petition claims the Department issued a Notice of Violation, stating the carriage house on the Gopleruds' property was in violation of county ordinances. The Gopleruds appealed the Notice of Violation to the Board, which upheld the decision of the Department. The petition claims the Board's findings were unsubstantiated and insufficient, both factually and legally, and were not supported by the ordinances cited in its decision. The petition also claims the Gopleruds and Hales had a vested right to proceed under the building permit and they spent "hundreds of thousands of dollars" in reliance on the building permit. Furthermore, the petition claims the Board's decision "was an appropriation of Plaintiffs' property without due process of law."

The Notice of Violation issued by the Department informed the Gopleruds the accessory structure on their property, the carriage house, was in violation of county ordinances because it was a residence, and under the ordinances two single-family residences could not be located on one lot. The notice stated in order to correct the violation, the Gopleruds would need to:

> 1. Cease and desist from using (or allowing any third party to use) the purported accessory structure as a principal and primary residence.
> 2. Modify the accessory building to comply with the certificate of zoning compliance and occupancy permit issued by Dallas County.

3. Use [the] accessory building in compliance [with] R-2 District Regulations.

The notice warned a failure to correct the violation by March 10, 2017, "will result in further action by the county, including prosecution as a simple misdemeanor punishable by a fine or imprisonment, or the issuance of a civil citation and assessment of a fine." Additionally, the notice stated each day the Gopleruds remained in violation of the ordinances after March 10 would be considered a separate offense.

The Notice of Violation presents the plaintiffs with two alternative consequences, both of them negatively affecting the rights and interests of the plaintiffs. If plaintiffs made corrections so they were no longer considered to be in violation of the ordinances the Hales would be required to move from the carriage house, the plaintiffs would need to modify the carriage house so it could no longer be used as a residence, and they could only use the building for storage in the future. On the other hand, if plaintiffs did not make the requested corrections, the notice states this "*will result* in further action by the county, including prosecution as a simple misdemeanor punishable by a fine or imprisonment, or the issuance of a civil citation and assessment of a fine." (Emphasis added.) Each day the plaintiffs were determined to be in violation of the ordinances would constitute a separate offense, potentially resulting in a large number of fines or days of imprisonment.

We conclude the district court erred by finding the petition did not adequately claim the plaintiffs were subjected to "a specific and injurious effect on [their] interest by the [Board's] decision." *See id.* The plaintiffs "show[ed] some

injury to an interest which is distinguishable from that of the general public." *See Richards v. Iowa Dep't of Revenue & Fin.*, 454 N.W.2d 573, 575 (Iowa 1990). A showing the party is "subject to the allegedly invalid [decision] demonstrates the requisite injurious effect." *Lundy v. Iowa Dep't of Human Servs.*, 376 N.W.2d 893, 895 (Iowa 1985).

We conclude the petition for writ of certiorari filed by plaintiffs contains claims of "'(1) a specific personal and legal interest in the subject matter of the agency decision and (2) a specific and injurious effect on this interest by the decision.'" *See Chrischilles*, 505 N.W.2d at 493–94 (citation omitted). We note Dallas County stated at the hearing, "We agree that this petition is sufficient and you should issue a writ of certiorari against the Dallas County Board of Adjustment for purposes of making a record return." We find plaintiffs have shown they are aggrieved by a decision of the Board. *See* Iowa Code § 335.18.

We determine the district court erred by dismissing the petition for writ of certiorari. We reverse on this issue and remand for further proceedings.

### IV. Tortious Interference

Plaintiffs' petition included a claim NVOA improperly influenced the Department and Board, and this amounted to tortious interference with the use of their property. The petition noted the NVOA had filed suit against the Gopleruds on October 29, 2015. It states the NVOA contacted the Department in August 2016 and requested the Department find the Gopleruds were in violation of county zoning ordinances. Some information about the violation was then presented at the civil trial in the NVOA action. Additionally, plaintiffs claim the NVOA improperly communicated in writing with the Board during the Gopleruds' appeal of the Notice

of Violation. The petition states the NVOA's "conduct demonstrates clearly its improper purpose to harass, and cause needless increase in cost of litigation to Gopleruds, subjecting it to damages on behalf of Gopleruds, and was an appropriation of the Plaintiffs' property without due process of law."

The NVOA filed a motion to dismiss, claiming the petition failed to state a claim upon which relief may be granted. *See* Iowa R. Civ. P. 1.421(1)(f). The NVOA stated the petition failed to give notice of a legally cognizable claim under Iowa law and NVOA could not be subject to civil liability for "exercising its constitutional right to petition its government for governmental action." Plaintiffs resisted the motion.

At the hearing on the motion, plaintiffs conceded there were no Iowa cases to support a claim of tortious interference with property rights. They stated the claim could be raised as an issue of first impression. Plaintiffs stated the facts could also support claims of private nuisance and wrongful use of civil proceedings.

The district court made an oral ruling:

> In this case, even if I do accept the facts as alleged in paragraphs 43 through 45 concerning Napa Valley Owners Association as true, I am in agreement with Napa Valley Owners Association that there is no right to recovery in Iowa under a theory of tortious interference with property rights. And while [plaintiffs' attorney] argues that this will be an issue of first impression for this Court, this Court is not going to create a new cause of action in Iowa as I don't believe that's appropriate at the district court level.
> I also find that the causes of action concerning private nuisance and wrongful use of civil proceedings are not appropriate for me to consider as those causes were not pled in the petition.

The court also issued a written ruling granting NVOA's pre-answer motion to dismiss on the ground the petition failed to state a claim upon which relief may be granted.

"We review district court rulings on motions to dismiss for failure to state a claim upon which relief may be granted for the correction of errors at law. *Young v. HealthPort Techs., Inc.*, 877 N.W.2d 124, 127 (Iowa 2016). "Thus, a motion to dismiss may be properly granted 'only when there exists no conceivable set of facts entitling the non-moving party to relief.'" *Id.* (citation omitted). "In ruling on a motion to dismiss, a court construes the petition in the light most favorable to the plaintiff and resolves any doubts in the plaintiff's favor." *Id.* at 128.

There are no Iowa cases supporting the plaintiffs' claim for tortious interference with property rights. Furthermore, plaintiffs did not argue for an extension of existing law, but cited to cases involving tortious interference with contracts or prospective business interests, which are recognized causes of action. *See, e.g.*, *Kern v. Palmer Coll. of Chiropractic*, 757 N.W.2d 651, 662 (Iowa 2008) (discussing intentional interference with an existing contract); *Blumenthal Inv. Trs. v. City of W. Des Moines*, 636 N.W.2d 255, 269 (Iowa 2001) (discussing tortious interference with a prospective business advantage). We find no error in the court's conclusion the claim of tortious interference with property rights was not recognized by Iowa law.

Plaintiffs stated the facts could also support claims of private nuisance and wrongful use of civil proceedings. In considering a motion to dismiss, "[w]e look to the pleadings to determine if they were so deficient plaintiff was deprived of notice of the claims made." *Doerring v. Kramer*, 556 N.W.2d 816, 818 (Iowa Ct. App.

1996). We find the district court did not err in finding NVOA was not given adequate notice plaintiffs were raising claims of private nuisance and wrongful use of civil proceedings, as these claims were not mentioned in the petition.

We conclude the district court did not err in granting NVOA's motion to dismiss for failure to state a claim upon which relief may be granted and affirm the court's ruling.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**