Leah OBRECHT and Michael McKiness, Appellees,

v.

CERRO GORDO COUNTY ZONING BOARD OF ADJUSTMENT, Appellant.

No. 91–1724.

Supreme Court of Iowa.

Jan. 20, 1993.

Paul L. Martin, County Atty., and Jeffrey D. Lester, Asst. County Atty., Mason City, for appellant.

Matthew F. Berry, Clear Lake, for appellees.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LAVORATO, Justice.

A county zoning board of adjustment appeals from a district court judgment that annulled the board's grant of a conditional special use permit. The ordinance specifies that the application for such permits "shall be filed by the owner or owners having title" to the property for which a permit is sought. The district court annulled the permit because the lessee rather than the legal title holder signed the application. We reverse the judgment and remand for further proceedings.

Cerro Gordo County has enacted a comprehensive zoning ordinance. *See* Iowa Code § 358A.3 (1989). Article 20 of that ordinance governs special uses. Article 20.1 empowers the county's zoning board of adjustment to grant special exceptions to established zoning ordinances through the issuance of special use permits. *See* Iowa Code § 358A.10. Article 18.12(A) provides who may file an application for these permits.

In June 1991 Yohn Ready Mix, Inc., applied to the board for a special use permit. Yohn needed the permit because it wished to establish (1) an operation for the processing of limestone, sand, and gravel, and (2) a concrete production facility. Both businesses were to be conducted on the same tract of land in Cerro Gordo County. The land was zoned originally for agricultural use. It is located in a semi-rural area and is bounded on both sides by residential property.

Jeffrey Nicholas of Nicholas Farms, Inc., holds legal title to the land. The Nicholas family has owned the land for several generations and leases it to Yohn. Yohn also holds an option to purchase the land. Nicholas did not sign Yohn's application for the special use permit.

After notice to affected property owners, the board held a public hearing on Yohn's application on July 16, 1991. Jeffrey Nicholas was present at, and took part in, the hearing. Immediately after the hearing, the board voted 3–1 to adopt a resolution granting Yohn a conditional special use permit.

Leah Obrecht and Michael McKiness own single family residences near the property at issue. The two appeared at the hearing and argued for denial of Yohn's application. On August 12 the two filed a petition in district court to review the board's decision. *See* Iowa Code § 358A.18 ("Any person ... aggrieved by any decision of the board of adjustment ... may present to a court of record a petition ... setting forth that such decision is illegal ... specifying the grounds of the illegality."). In the petition they claimed that the board acted illegally when it granted Yohn the special use permit.

After the board filed its answer, the district court, Judge Gilbert K. Bovard, ordered that a writ of certiorari be issued against the board in connection with the application and permit. *See* Iowa Code § 358A.19 ("Upon the presentation of such petition, the court may allow a writ of certiorari directed to the board of adjustment to review such decision...."). The board responded to the writ by filing all relevant documents and records concerning the application and permit. At the same time, the board filed a motion for partial summary judgment, claiming it was empowered under the ordinance to grant Yohn's application and to issue the permit.

Later the district court, Judge John S. Mackey, held a hearing on the matter. The parties consented to submission of two issues: (1) whether the board acted illegally by granting an application that was signed

only by a lessee with an option to purchase rather than by the owner having legal title; and (2) whether the board acted illegally in granting the special use permit when all administrative permits had not been obtained by the applicant. Because the court concluded the writ should be sustained on the first issue, it declined to address the second issue. The court entered "judgment on certiorari" against the board, sustaining the writ and annulling the conditional special use permit. *See* Iowa Code § 358A.21; *Anderson v. Jester,* 206 Iowa 452, 463, 221 N.W. 354, 359 (1928) (under section 358A.21, district court may hear additional evidence on question of illegality; however, general statute regulating the remedy by certiorari governs which means the action must be prosecuted by ordinary proceedings, so far as applicable).

▮▮▮ Our review under Iowa Code chapter 358A is for errors at law. *See* Iowa Code § 358A.21; *Vogelaar v. Polk County Zoning Bd. of Adjustment,* 188 N.W.2d 860, 862–63 (Iowa 1971); *Anderson,* 206 Iowa at 463–64, 221 N.W. at 359 (under section 358A.21 an appeal to supreme court lies as in ordinary actions and is therefore at law and not de novo). The findings of fact by the district court are binding on us if those findings are supported by substantial evidence. *Vogelaar,* 188 N.W.2d at 863.

▮▮▮ The only issue in this certiorari proceeding involving a zoning ordinance is whether the board's action in granting the permit was illegal. The burden was on the two petitioners to show this illegality. *Deardorf v. Board of Adjustment,* 254 Iowa 380, 385, 118 N.W.2d 78, 81 (1962). Illegality is established when the fact findings of the district court do not have substantial evidentiary support, or when the board does not apply the proper law. *Amro v. Iowa Dist. Court,* 429 N.W.2d 135, 138 (Iowa 1988). Here whether the board's action in granting the permit was illegal depends upon whether the district court correctly applied the law in interpreting the ordinance.

Article 18.12(A) of the zoning ordinance states:

A. An application to establish a Planned Area Development project *shall* be filed by:

1. The *owner or owners having title to all of the property in the area* proposed for the Planned Area Development, or

2. The County Zoning Commission.

(Emphasis added.)

The petitioners convinced the district court that the meaning of the italicized wording above was clear on its face. As a result the court reached the following conclusions. First, the phrase, "owner or owners having title to all of the property in the area" means having unqualified and absolute ownership. This meaning excludes a lessee holding an option to purchase. Second, the word "shall" imposes a mandatory duty on the board to consider only those applications for special use permits filed by "owners having title." In this case such owner—Jeffrey Nicolas—did not file the application. Therefore, the board had no authority to grant the permit to Yohn and acted illegally in doing so.

For purposes of our discussion we assume without deciding that the district court was correct about the meaning of the phrase "owner or owners having title to all of the property in the area." We also assume the word "shall" in the phrase "an application to establish a Planned Area Development project shall be filed by" makes the ordinance obligatory rather than permissive.

▮▮▮ Here, though there was no literal compliance with the owner filing requirement, there was substantial compliance. It is undisputed that the owner appeared at, and participated in, the hearing on the application. He raised no objection to the application but in fact appeared to be in support of it. In our view this was at least as good as, if not better than, just signing the application. This is so because the owner was available to verify his support of the application and to answer any questions. The objectives of the owner filing requirement were more than satisfied. *See Brown v. John Deere Waterloo Tractor*

*Works*, 423 N.W.2d 193, 194 (Iowa 1988) (substantial compliance means reasonable objectives of statute have been served).

For this reason we hold that the board's action in not requiring literal compliance with the owner filing requirement in Article 18.12(A)(1) was not illegal. Therefore such action did not render the special use permit invalid. We reverse the district court's judgment to the contrary.

We remand for further proceedings on the issue the district court left unresolved: whether the board acted illegally in granting the special use permit when all administrative permits had not been obtained by the applicant. Recently, we addressed and decided a similar issue in favor of the board. *See Willett v. Cerro Gordo County Zoning Bd. of Adjustment*, 490 N.W.2d 556, 560–61 (Iowa 1992).

REVERSED AND REMANDED.