Julian T. CHRISCHILLES and
Pat Chrischilles, Appellees,

v.

ARNOLDS PARK ZONING BOARD
OF ADJUSTMENT, Appellant.

The INCORPORATED CITY OF
ARNOLDS PARK, Appellant,

v.

Julian T. CHRISCHILLES and
Pat Chrischilles, Appellees.

No. 92–166.

Supreme Court of Iowa.

Sept. 22, 1993.

Harold W. White of Fitzgibbons Bros., Estherville, for appellant.

Patrick M. Carr of Zenor and Carr Law Office, Spencer, for appellee.

**▰▰▰▰▰▰▰▰▰**

NEUMAN, Judge.

This consolidated action for certiorari and injunction stems from a dispute between lakefront neighbors over storm shutters installed in the screened-in porch of a summer home. The question common to both actions is whether the shutter installation violated a zoning variance granted fifteen months earlier when the porch was built. Without answering that question, the district court retroactively annulled the variance. The court of appeals reversed the district court on jurisdictional grounds. On further review we now vacate the court of appeals decision, reverse the district court, and remand for further proceedings.

Julian and Pat Chrischilles own a home overlooking West Lake Okoboji in Arnolds Park, Iowa. In October 1989, they secured a zoning variance from the Arnolds Park Board of Adjustment (board) to build a screened-in porch on the foundation of what had formerly been a sun deck. As part of the variance application procedure, the Chrischilles assured the board that the porch would not interfere with their neighbors' view of the lake.

A controversy arose the following spring when the Chrischilles installed storm shutters on the porch. A neighbor complained that the shutters were routinely lowered to create a "privacy wall" that obstructed others' view of the lake. The Chrischilles responded that the shutters were installed solely to protect their property from winter weather and summer storms.

In October 1990, the board notified the Chrischilles that installation of the shutters went beyond the variance granted and that they must be removed. That order was modified a month later when the board decid-

ed that the shutters could remain but they could be lowered only from November 1 through April 1 of each year. The Chrischilles were notified of this final decision on December 19, 1990.

In January 1991, the Chrischilles challenged the board's order by petitioning the district court for a writ of certiorari. The petition alleged not only the illegality of the restriction on the shutters, it asserted that the variance issued fifteen months earlier had been unnecessary and was therefore void and unenforceable. The board answered by moving to dismiss on jurisdictional grounds, alleging the petition was filed more than thirty days after the action challenged. The city then filed its own petition in equity. It sought not only to enjoin the use of the shutters but also to request the dismantling of the porch altogether. This latter claim for relief was based on the Chrischilles' alleged failure to abide by the terms of the variance.

The two actions were consolidated for trial. On the board's jurisdictional challenge, the court found that the Chrischilles were aggrieved by the board's orders of October and December 1990. Thus it ruled that the certiorari petition, filed within thirty days of the final order, was timely.

The court's ruling on the merits of the certiorari petition, however, went far beyond the matters raised in the 1990 orders. Based on an independent examination of setback lines shown on county auditor's plats, the court decided that building the porch should have required no variance in the first place. Therefore, it ruled, the board could not now enforce any restrictions on the variance it had unnecessarily imposed. In keeping with its findings, the court sustained the Chrischilles' writ of certiorari and dismissed the city's action for injunction.

The board and the city appealed the district court's ruling and we transferred the case to the court of appeals. That court reversed and remanded for further proceedings on the injunction action alone. Its decision to annul the writ of certiorari rested on its belief that the Chrischilles' challenge to the variance had been untimely; hence, the

court was without jurisdiction to consider it. The matter is now before us on further review.

I. *Scope of review.* Challenges to board of adjustment decisions are governed by Iowa Code chapter 414.[1] Section 414.15 grants an aggrieved person thirty days from the filing of a board decision to contest its legality by writ of certiorari filed in the district court. Great deference is given to the board's authority in such contests. As we have said, "[i]f the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board." *Grandview Baptist Church v. Zoning Bd.*, 301 N.W.2d 704, 706 (Iowa 1981) (quoting *Weldon v. Zoning Bd.*, 250 N.W.2d 396, 401 (Iowa 1977)); *accord Helmke v. Board of Adjustment*, 418 N.W.2d 346, 347 (Iowa 1988).

On appeal to this court from the certiorari ruling, our review is at law. *Helmke*, 418 N.W.2d at 348. We are bound by the findings of the district court if they are supported by substantial evidence in the record. *Id.* We are not bound by erroneous legal rulings that materially affect the court's decision. *Danish Book World, Inc. v. Board of Adjustment*, 447 N.W.2d 558, 560 (Iowa App. 1989).

II. *Issue on appeal.* The fighting question on this appeal is what board action the Chrischilles could legitimately challenge in their certiorari action filed in January 1991. The certiorari petition was clearly prompted by the board's restriction on the Chrischilles' use of their shutters. But the Chrischilles' challenge to that order rested on the alleged illegality of the board's requirement that they obtain a variance in the first place. Contrary to the decisions reached by both the district court and the court of appeals, we are convinced that these are two separate claims that should have been addressed independently.

A. *The variance.* Proof that a party is "aggrieved" by agency action is shown by evidence of "(1) a specific personal and legal interest in the subject matter of the agency

decision and (2) a specific and injurious effect on this interest by the decision." *Iowa–Illinois Gas & Elec. Co. v. Iowa State Commerce Comm'n,* 347 N.W.2d 423, 426 (Iowa 1984). In defense of the board's motion to dismiss their certiorari action, the Chrischilles claimed they were not aggrieved by the variance when it was granted and therefore had no reason to challenge it. But the record reveals, and the district court found, that the variance did in fact restrict the free use of their property.

 If the Chrischilles had a quarrel with the legality of the variance, they were obligated under section 414.15 to challenge it within thirty days. *See Arkae Dev., Inc. v. Zoning Bd.,* 312 N.W.2d 574, 577 (Iowa 1981) (time for taking an appeal under chapter 414 runs from time appealing party chargeable with knowledge of decision to be appealed). In the absence of a challenge, the order granting the variance became final. By permitting the Chrischilles to transform their current grievance into a vehicle for belatedly challenging the need for a variance in the first place, the district court acted contrary to the clear language and evident intent of section 414.15.

B. *The storm shutters.* Our decision regarding the variance does not defeat the Chrischilles' right to challenge the board's action regarding the shutters. They did so in a timely fashion in accordance with Iowa Code section 414.15. Thus the court of appeals went too far when it ruled that the district court had no jurisdiction to consider that controversy. To put the matter colloquially, it appears that the court of appeals simply "threw the baby out with the bath water."

III. *Disposition.* In summary, we believe the Chrischilles were aggrieved by the board's order of December 1990 and timely challenged it by certiorari. The district court was correct in so ruling. But the court erred when it permitted the Chrischilles to use that action to challenge the variance order issued fifteen months earlier. Likewise, the court of appeals correctly recognized the jurisdictional defect in permitting an untimely challenge to the variance, but erred when it simultaneously dismissed the Chrischilles' challenge to the shutter order.

To get the case back on track, we reverse and remand to the district court for further proceedings on the questions common to both the certiorari and injunction actions: Is there substantial support in the record for the board's finding that the Chrischilles' installation of storm shutters violated the terms of the variance originally granted? If so, was the remedy imposed by the board reasonable? In accordance with this decision, these questions must be addressed by the court without regard to the validity of the variance itself.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.**

All Justices concur except TERNUS, J., who takes no part.