Nixon **LAURIDSEN** and Nancy Lauridsen, Appellants,

v.

**CITY OF OKOBOJI BOARD OF ADJUSTMENT,** Defendant,

Jay M. **Shriver** and Margie E. **Shriver,** Intervenors–Appellees.

No. 95–1010.

Supreme Court of Iowa.

Oct. 23, 1996.

---

1. Subsection 4, paragraphs "*a*" and "*b*" address the appropriate "cut-off" dates for future or established child support awards.

L.R. Voigts of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellants.

Jay M. Shriver of Pappajohn, Shriver, Eide & Nicholas, P.C., Mason City, for intervenors-appellees.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

HARRIS, Justice.

The question is whether lake property qualifies as a corner lot under the ordinances of the City of Okoboji, Iowa. The district court determined it does and we agree. The lot's status as a corner one is important because of the ordinance's more restrictive setback requirements for corner lots.

The material facts are not disputed. Nixon and Nancy Lauridsen are the owners of Lot thirteen, Block twenty-three, plat of the City of Okoboji, Dickinson County, Iowa (Lot 13). When platted, Lot 13 had Funnel Street as its northern boundary and Lakeshore Drive as its western boundary. The streets intersected at the northwest corner of the lot and made it a "corner lot" under the applicable zoning ordinance of the city.

In 1934 the city vacated the portion of Lakeshore Drive fronting Lot 13. Since that time the vacated street has been a grassy area with a public sidewalk. In 1935 the city vacated the portion of Funnel Street that abutted the lot. The 1935 ordinance vacating Funnel Street provided the street would be maintained for pedestrian foot traffic and would be transferred to the state. The relevant portion of Funnel Street is also grassed over and contains a public sidewalk allowing access to the lakeshore.

In 1983 the City of Okoboji board of adjustment denied a request for a variance to expand the residence on Lot 13. In 1994 Nixon and Nancy Lauridsen requested a new determination from the city concerning the setback requirements for the lot. The city clerk notified them of the 1983 ruling that it was subject to the greater side yard setback requirements.

The Lauridsens filed an appeal to the board of adjustment and applied for a variance seeking to have the less restrictive setback requirements for an interior lot applied to Lot 13. Against the city attorney's advice, the board concluded that Lot 13 was a corner lot and denied the application for variance.

The Lauridsens then brought this certiorari proceeding in district court. Jay M. and Margie E. Shriver, owners of adjacent property, intervened. The Shrivers' property enjoys a more accessible view of the lake by reason of the restrictive setback requirements of Lot 13. On submission the district court confirmed the board's decision and quashed the writ, noting the board's finding that "there are two public properties that intersect and are immediately adjacent to Lot 13 and the public has access from both directions." The matter is before us on the Lauridsens' appeal.

■ I. A somewhat unusual scope of review has been developed for district courts considering certiorari challenges to the action of boards of adjustment. *See Helmke v. Board of Adjustment*, 418 N.W.2d 346, 347–48 (Iowa 1988); *Grandview Baptist Church v. Zoning Bd.*, 301 N.W.2d 704, 706 (Iowa 1981). Iowa Code section 414.18 (1995), and case law interpreting it, have led to the following standard of review for a *district* court:

> [I]n a certiorari proceeding in a zoning case the district court finds the facts anew on the record made in the certiorari proceeding. That record will include the return to the writ and any additional evidence which may have been offered by the parties. However, the district court is not free to decide the case anew. Illegality of the challenged board action is established by reason of the court's findings of fact if they do not provide substantial support for the board decision. If the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board.

*Weldon v. Zoning Bd.*, 250 N.W.2d 396, 401 (Iowa 1977).

■ The scope of review on appeal to us from the district court's judgment is governed by Iowa rule of civil procedure 318:

> Appeal to the supreme court lies from a judgment of the district court in the certiorari proceeding, and will be governed by the rules applicable to appeals in ordinary actions.

Thus our standard of review is the same as from judgment founded on a special verdict by a jury. *Helmke*, 418 N.W.2d at 348; *Grandview Baptist Church*, 301 N.W.2d at 707. Our review is therefore on assigned errors only. *Johnson v. Board of Adjustment*, 239 N.W.2d 873, 877 (Iowa 1976).

■ II. The Lauridsens argue Lot 13 is not a corner lot under the zoning ordinances because the "streets" that abut their property have been vacated by the city and used merely as public pedestrian walkways. They argue Lot 13 no longer abuts "streets" under the zoning ordinance and is thus no longer a corner lot.

■ Although we give deference to the board of adjustment's interpretation of its city's zoning ordinances, final construction and interpretation of zoning ordinances is a question of law for us to decide. *Ernst v. Johnson County*, 522 N.W.2d 599, 602 (Iowa 1994); *Obrecht v. Cerro Gordo County*, 494 N.W.2d 701, 703 (Iowa 1993). In interpreting ordinances it is appropriate to apply the general rules of construction for statutes. 1A Norman J. Singer, *Sutherland on Statutory Construction* § 30.06, at 526 (Singer 5th ed. 1993).

■ Controlling rules of construction are well settled. "Ordinarily, where the legislature defines its own terms and meanings in a statute, the common law and dictionary definitions which may not coincide with the legislative definition must yield to the language of the legislature." *State v. Steenhoek*, 182 N.W.2d 377, 379 (Iowa 1970); *see also Henrich v. Lorenz*, 448 N.W.2d 327, 332 (Iowa 1989) ("The legislature may act as its own lexicographer."). We have used dictionary definitions to interpret terms in zoning ordinances. *See, e.g., City of Denison v. Clabaugh*, 306 N.W.2d 748, 752 (Iowa 1981) (using dictionary definition of "destroy" and

"remodel" to interpret zoning ordinance). The dictionary is consulted to give words their plain and ordinary meaning in the absence of a legislative definition. *See* Iowa Code § 4.1(38). In interpreting words we consider the context in which the words of the statute are used. *Id.; State v. Ahitow,* 544 N.W.2d 270, 272 (Iowa 1996).

Under these rules, although the district court applied another theory, we think the dispute is controlled by the ordinance's own definitions. There the terms "Corner Lot," "Interior Lot," and "Street" are defined as follows:

> *Corner Lot.* A lot located at the intersection of two or more streets and having the street right-of-way abut the front and one or more side lines of the lot.
>
> . . . .
>
> *Interior Lot.* A lot other than a corner lot having frontage on but one street or public thoroughfare.
>
> . . . .
>
> *Street:* A public thoroughfare which affords the principal means of access to the abutting property.

Okoboji, Iowa, Zoning Ordinance pp. 10, 15 (1972).

Whether the two ways that now carry only pedestrian and bike traffic remain streets under the city zoning ordinance comes down to a definition of a "public thoroughfare." We think the public ways adjacent to Lot 13 qualify under the accepted definition of "thoroughfare" and are therefore "streets" under the ordinance. "Thoroughfare" is a "way or place through which there is passing." Webster's Third New International Dictionary (Unabridged) 2380 (1976). It has also been defined as:

> 1. A way or passage through.
> 2. A public street open at both ends, esp. one through which there is much traffic; highway; main road.

Webster's New World Dictionary of the American Language 1481 (2d College ed. 1978). Another definition of "thoroughfare" is "a street or passage *through* which one can *fare* (travel); *i.e.,* a street or highway affording an unobstructed exit at each end into another street or public passage." Black's Law Dictionary 1327 (5th ed. 1979).

Under these definitions we conclude that both Funnel Street and Lakeshore Drive are "thoroughfares." The ordinance does not provide that all thoroughfares are streets; in order for a thoroughfare to qualify as a street it must afford "the principal means of access to the abutting property." Okoboji, Iowa, Zoning Ordinance p. 15. The record is clear that Funnel Street and Lakeshore Drive do provide the principal means of access to the abutting property, and thus continue to be "streets" under the ordinance here. The district court was correct in holding that Lot 13 continues to be a corner lot, subject to the building restrictions applicable for such lots.

**AFFIRMED.**