**John MEDUNA and Carol Meduna, Plaintiffs–Appellants,**

v.

**CITY OF CRESCENT, Defendant–Appellee.**

No. 07–1919.

Court of Appeals of Iowa.

Dec. 17, 2008.

Anthony W. Tauke of Porter, Tauke & Ebke Law Firm, Council Bluffs, for appellant.

Joseph D. Thornton and Nathan R. Watson of Smith Peterson Law Firm, L.L.P., Council Bluffs, for appellee.

Considered by SACKETT, C.J., and EISENHAUER and DOYLE, JJ.

SACKETT, C.J.

Appellants John and Carol Meduna (the Medunas) established a one-bedroom bed and breakfast in their single family residence in the City of Crescent, Iowa, (City) believing under the City's zoning ordinances it was a "small home occupation," a permitted use in a R–1 residential zone. The City disagreed and charged appellants with violation of its zoning ordinance. The Medunas sued seeking a declaratory judgment declaring their bed and breakfast a permitted use and asking that a writ of mandamus issue compelling the City to cease interfering with the lawful use of their property. The district court consolidated the matters for trial and the Medunas were found guilty of a municipal infraction and their request for relief was denied. We reverse.

**BACKGROUND.** In December of 2004 the Medunas purchased and moved into a home located on the Loess Hills Scenic By–Way in the City. By the middle of March of 2005 the Medunas had established the Crescent View Bed and Breakfast (Crescent View) in their single family dwelling. The bed and breakfast encompassed one bedroom, an adjoining private bath, and an adjoining porch patio. A night's stay and breakfast was available for a nightly fee of eighty dollars plus tax to guests interested in lodging and sharing the Medunas' scenic view of the Loess Hills.

The Medunas had purchased the home late the preceding year with the intention of setting up the bed and breakfast. Prior to purchase they checked the City's zoning

ordinances finding the home was located in a R–1 Residential Single Family Dwelling District. They believed the "small home occupation," a permitted use in that district, would allow them to operate the one bedroom bed and breakfast in their single family residence.

The ordinance, section 15 of Crescent Ordinances Number 6–7.01 provided in relevant part:

> The following uses of land are permitted in all Class R1 Residential Single Family Dwelling districts. Detached building on a building site, designed for and used exclusively for residential purposes by one family and containing one dwelling unit.
>
> . . .
>
> 5. Small home occupations, provided that there shall be no signs or other evidence of such use, other than a small announcement or professional sign not over two (2) square feet in size.

After receiving complaints, the Medunas approached the City council seeking approval for their one-bedroom bed and breakfast. The City council referred their application to the planning and zoning commission for the City. Unfortunately for the Medunas many of their neighbors did not share their interpretation of the ordinance. They complained to the planning and zoning commission that the bed and breakfast the Medunas sought to run would bring increased traffic and reduced privacy and security by bringing unknown individuals into the neighborhood. Some thirty-four neighbors signed a petition against it. Subsequently the planning and zoning commission recommended rejecting the Medunas' "bed and breakfast" proposal noting the opposition to it and finding that "this type of exception [1] to the current zoning might promote other residents to develop businesses in the Residential area instead of the outlined General Commercial area." The City, then contending that the operating of the bed and breakfast in a R–1 zone is in violation of its municipal code, served the Medunas with a notice of a municipal infraction based on their operating a bed and breakfast in their home.

The Medunas then filed the petition for declaratory judgment that led to this appeal, asking the district court to enter a declaratory decree finding the ordinance does not prohibit them from operating their bed and breakfast or, if it is prohibited, to find the ordinance is unconstitutional and void. In the alternative, the Medunas sought a writ of mandamus enjoining the City from interfering with the lawful use of their property. The Medunas' suit was consolidated with a hearing on the municipal infraction.

Following a hearing the district court found the Meduna bed and breakfast did not meet the "small home occupation" exception.[2] The court found a bed and breakfast was only allowed in a R–3 district as this district provides for rooming houses and tourist houses. The court reasoned that "it is clear that the terms 'Rooming Houses' and 'Tourist Houses' include a 'Bed–and–Breakfast.' " The court found the ordinance constitutional and denied the appellants' request for a declaratory judgment and/or a writ of mandamus. The Medunas were also found to be in violation of the City code and ordered to cease and desist operation of their bed and breakfast on or before November 1, 2007.

---

1. Apparently assuming an exception was necessary, the planning and zoning commission did not answer the question of whether it was a permitted use.

2. The question is actually whether it was a permitted use in the residential district under the ordinance, not whether it was an exception.

The Medunas contend the court erred in (1) not finding the bed and breakfast legal in the R–1 zone, (2) not finding the ordinance unconstitutional as being void for vagueness, (3) finding they were in violation of the City code, and (4) failing to issue a writ of mandamus.

The City argues that (1) the bed and breakfast is not a "small home occupation" so it is not allowed in a single family residence but is only allowed in the R–3 zone, (2) the ordinance is constitutional, (3) there was a municipal infraction, and (4) the request for a writ of mandamus was properly denied.

**SCOPE OF REVIEW.** Our review is at law. *Chrischilles v. Arnolds Park Zoning Bd. of Adjustment*, 505 N.W.2d 491, 493 (Iowa 1993); *Helmke v. Bd. of Adjustment*, 418 N.W.2d 346, 347–48 (Iowa 1988). We are bound by the findings of the district court if they are supported by substantial evidence. *Chrischilles*, 505 N.W.2d at 493. We are not bound by erroneous legal rulings that materially affect the court's decision. *Danish Book World, Inc. v. Bd. of Adjustment*, 447 N.W.2d 558, 560 (Iowa Ct.App.1989). However, to the extent that Medunas raise a constitutional right, our review is de novo. *Huisman v. Miedema*, 644 N.W.2d 321, 324 (Iowa 2002).

■ **SMALL HOME OCCUPATION.** We first address the issue of whether the Medunas' bed and breakfast is a "small home occupation" and therefore a permitted use in the Class R1 Residential district.

■ "In interpreting ordinances it is appropriate to apply the general rules of construction for statutes." *Lauridsen v. City of Okoboji Bd. of Adjustment*, 554 N.W.2d 541, 543 (Iowa 1996). To decide the issue we consider the interpretation and application of the Crescent zoning ordinance. We resort to rules of statutory construction only when the terms of the ordinance are ambiguous. *See City of Okoboji, Iowa v. Okoboji Barz, Inc.*, 717 N.W.2d 310, 314 (Iowa 2006). Ambiguity exists if reasonable persons can disagree on the meaning of an ordinance. *See id.* An ambiguity may arise from the meaning of particular words or from the general scope and meaning of a statute in its totality. *Id.* (citation omitted). The goal of construing an ordinance is to determine the city council's intent. *Id.* We determine their intent from the words chosen, not what it should or might have said. *Id.*

■ Absent a definition in the ordinance or an established meaning in the law, words in the ordinance are given their ordinary and common meaning by considering the context within which they are used. *Id.* Under the guise of construction, an interpreting body may not extend, enlarge or otherwise change the meaning of an ordinance. *See Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004). Zoning restrictions are construed strictly to favor the free use of property and will not be extended by implication or interpretation. *Ernst v. Johnson County*, 522 N.W.2d 599, 602 (Iowa 1994). The assessment of an ordinance requires consideration in its entirety so that the ordinance may be given its natural and intended meaning. *Kordick Plumbing & Heating Co. v. Sarcone*, 190 N.W.2d 115, 117 (Iowa 1971).

■ We generally give deference to the board's interpretation of its city's zoning ordinances. *See Lauridsen*, 554 N.W.2d at 543–44; *Ernst*, 522 N.W.2d at 602; *Obrecht v. Cerro Gordo County*, 494 N.W.2d 701, 703 (Iowa 1993). However the board here did not address the question now before us of whether the bed and breakfast is a permitted use and the final construction and interpretation of zoning

ordinances is a question of law for us to decide. *See Obrecht,* 494 N.W.2d at 703.

Applying these principles we look first to determine whether the ordinance is clear on its face. The City in drafting its zoning ordinance chose not to further define "small home occupation."

■ Dictionary definitions can be used to interpret terms in zoning ordinances. *See, e.g., City of Denison v. Clabaugh,* 306 N.W.2d 748, 751–52 (Iowa 1981). The dictionary is consulted to give words their plain and ordinary meaning in the absence of a legislative definition. *See* Iowa Code § 4.1(38) (2007) (advising that words and phrases of statutes are to be construed "according to the context and the approved usage of the language" unless they have acquired a peculiar or technical use in the law); *Lauridsen,* 554 N.W.2d at 543–44; *State v. Ahitow,* 544 N.W.2d 270, 272 (Iowa 1996).

Webster's New College Dictionary includes in its definitions of "small," "limited in scope or degree: small farm operations." Webster's New College Dictionary 1065 (3rd ed. 2005). Black's legal dictionary defines "home" as "a dwelling place," and "occupation" as "[a]n activity or pursuit in which a person is engaged; esp[ecially] a person's usual or principal work or business." Black's Law Dictionary 750, 1109 (8th ed. 2004). Considering these definitions and the words of the ordinance we must find that the Medunas' one-bedroom bed and breakfast is a pursuit limited in scope which they carry on in their dwelling place and consequently is a permitted use in the R–1 zone in the City.

We note also that the Medunas' bed and breakfast would meet even stricter requirements. A Minot, North Dakota zoning ordinance [3] specifies an extensive test for an occupation or activity to meet the requirement of a "home occupation" so as to be permitted on property zoned single family residential. *See City of Minot v. Boger,* 744 N.W.2d 277, 280–81 (N.D.2008) (listing the ordinance's criteria and applying the requirements to facts distinguishable from those here). That ordinance requires home occupations to meet five tests including that: (1) no more than one other person is employed by the owner/manager (except for immediate family members), (2) the exterior of the premises is indistinguishable from any other residential dwelling of like design and character,[4] (3) it does not generate vehicular traffic or parking substantially greater or substantially different in kind or character than that ordinarily associated with a similar dwelling used solely for residential purposes, (4) the home occupation is no more dangerous to life, personal safety, or property than any other activity normally carried on with respect to premises used solely for residential purposes, (5) there are no loud or unpleasant noises, noxious fumes, or perceptible vibrations attributable to the home occupation. 2 Anderson's Am. Law *Zoning* § 13:20 (4th ed. 2008); *see also City of Minot,* 744 N.W.2d at 280–81.

The Medunas' bed and breakfast has no outside employees as the work is done by family members and has nothing on the exterior of the home to distinguish it from other homes in the neighborhood.[5] Also, there is no evidence that providing one room to a bed and breakfast guest would

---

3. The ordinance, number 2223, was passed in 1978 and was amended in 1985.

4. It provided "that a name plate or business sign not more than 2 feet square may be exhibited, which is attached flush to the side of the building." *City of Minot,* 744 N.W.2d at 280 (quoting Minot, North Dakota Zoning Ordinance number 2223 (1978)).

5. The permitted sign is not even displayed.

generate more vehicular traffic than would the average residential home, particularly since the Medunas provide off—the-street-parking for their guests. In addition, there is no evidence that the business is focused on attracting persons other than those interested in a night's lodge, a good breakfast, and an outstanding view of the Loess Hills; nor is there any evidence that the bed and breakfast would create danger greater than any other activity expected in a residential neighborhood. Finally, there is nothing to indicate that lodging a couple overnight would create more noise or fumes than other residential properties.

**PROVISION FOR IN R–3.** The City contends, and the district court found, a bed and breakfast is only allowed in the R–3 zone. The district court reasoned the Medunas' bed and breakfast did not meet the small home occupation exception [6] permitted in R–1 districts because a "Bed and Breakfast" is only allowed in R–3 districts. The court noted the dictionary definitions of "Rooming House" as "a house where rooms are provided and let," and a "Tourist Home" as "a house in which rooms are available for rent to transients." While recognizing that "bed and breakfast" is not defined anywhere in the ordinances, the court went on to find that "the Medunas need not guess since a 'Bed-and-Breakfast' clearly is a house that provides rooms for rent to transients."

Neither the district court nor the City has cited any authority and we are unable to find any to support the proposition that because a use is permitted in one district, the council cannot permit that use in another district. Furthermore, the district court's construction adds restrictions and exclusions not provided by the ordinance's language. There is nothing in the ordinance permitting "small home occupations" in R–1 districts that prohibits that use from also qualifying as a Rooming House or Tourist Home in an R–3 district. Likewise, nor is there any language in the R–3 ordinance that rooming houses and tourist homes [7] are only allowed in R–3 districts.

We believe it is the size of the occupation that defines what is permitted in R–1 districts and we find nothing in the ordinances to support a finding that a "small home occupation" is precluded from being classified as a small business because it is permitted in another zone.[8] A one bedroom bed and breakfast is clearly the smallest of small [9] and the only conclusion we can reach is that it is a permitted use under the R–1 ordinance.

Having so decided we need not address the constitutionality of the ordinance.

**MUNICIPAL INFRACTION.** Having found the Medunas' one room bed and breakfast is a permitted use, we reverse the finding they committed a municipal infraction. There being no showing that the City would fail to recognize the holding

---

**6.** The question under the ordinance is whether it is a permitted use. The ordinance lists permitted uses in R–1 districts, including "small home occupations." The ordinance does not list permissible uses as exceptions.

**7.** Whether a rooming house or a tourist home is a bed and breakfast, we need not decide and do not do so.

**8.** The evidence shows that an iron fabricating business, a lawn mower business, a barber shop, and a babysitting business operate in

the R–1 zone in the city as permissive uses. It would appear these businesses are also allowed to operate in other zones, particularly commercial, but the City, because of that fact correctly does not prohibit them from being considered a small business under R–1.

**9.** We do not need to decide whether a bed and breakfast with more than one room to rent could also be considered small and do not do so.

of this opinion, we deny the current request for a writ of mandamus.

**CONCLUSION.** The Medunas' one bedroom bed and breakfast is a permitted use under the R–1 Crescent Zoning Ordinance at issue. We reverse the district court's finding to the contrary and the district court order that they cease and desist the operation of it. We further reverse the finding that the Medunas committed a municipal infraction.

**REVERSED.**