# IN THE COURT OF APPEALS OF IOWA

No. 15-1345
Filed September 28, 2016


**CONDON CABIN, LLC, ELIZABETH NICOLAI,
KATHRINE M. HEDGES, R & T EQUIPMENT, INC.,
DONALD AND MARLENE NIELSEN, AND JOHN AND
BARBY ROCKWELL,**
    Appellants,

**vs.**

**DICKINSON COUNTY BOARD OF ADJUSTMENT,**
    Appellees,

**ALLAN W. MOHLING and CYNTHIA M. MOHLING,**
    Appellee-Intervenors.
_____

    Appeal from the Iowa District Court for Dickinson County, Patrick M. Carr,

Judge.


    Plaintiffs appeal the district court decision affirming the grant of a variance

by the Dickinson County Board of Adjustment.   **AFFIRMED.**


    Daniel E. DeKoter and Nathan J. Rockman of DeKoter, Thole & Dawson,

P.L.C., Sibley, for appellants.

    Phil Redenbaugh of Redenbaugh, Mohr, & Redenbaugh, P.C., Storm

Lake, and Lonnie B. Saunders of Saunders' Law Office, Spirit Lake, for

appellees.

    Donald J. Hemphill of Hemphill Law Office, P.L.C., Spencer, for appellee-

intervenors.


    Heard by by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Condon Cabin L.L.C., et al (Condon) appeals the district court ruling upholding the grant of a variance by the Dickinson County Board of Adjustment (Board). Condon claims the Board acted illegally by failing to make written findings as to nearly all required factual issues, never approving a final and true site plan, and making contradictory factual findings.[1] Condon also claims the Board's actions fail to substantially comply with the requirements set forth in *Citizens Against Lewis & Clark (Mowery) Landfill v. Pottawattamie County Board of Adjustment*, 277 N.W.2d 921 (Iowa 1979) and *Bontrager Auto Service, Inc. v. Iowa City Board of Adjustment*, 748 N.W.2d 483, 484 (Iowa 2008). We find the Board substantially complied with the requirements. Accordingly we affirm.

## I. Background Facts and Proceedings

Condon and the Mohlings own adjacent property on West Okoboji Lake. The properties in question were built before the present Dickinson County Zoning Ordinance was enacted and as a result do not conform to the now required front and side yard setbacks. The Mohling property is also situated at the lowest elevation in the area and drains approximately ten acres of surface water into the lake. A twenty four inch diameter corrugated drainage tile was installed during the 1990's to improve drainage.

---

[1] Condon claims the Board's findings and conclusions are unsupported by substantial evidence. "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Iowa R. Civ. P. 6.803. The Board conducted five hours of hearings on this matter, but no transcript was entered into evidence or created by either party. We reaffirm the need for parties to provide such transcripts as required by our rule but find it contrary to the interests of justice to dismiss Condon's claim for this failure.

The Mohlings acquired their property in 2013 and decided to improve it to be used as a year-round residence. To accomplish these changes the Mohlings required variances for both the front and side yard setbacks. The Mohlings submitted their application in early December 2013 citing, among other things, small lot size, and other similar variance requests being granted to other applicants. A hearing was scheduled for December 23. Prior to the hearing, many area residents wrote to the Board expressing concerns with the proposed improvements, mainly the impact it would have on drainage. The hearing was held and the residents continued to express their objections. The Mohlings agreed to continue the hearing until January 20, 2014.

Mark Blum, a surveyor for the Mohlings, prepared a new plan in order to address the drainage issues. The resulting plan would have included swales slightly encroaching on the Mohlings' neighbors' property but would have dealt effectively with the concerns raised and met the standards of the zoning ordinance requiring a water quality management plan. This plan was rejected by the residents who refused to allow the improvements on their property. They also conferred privately with counsel regarding possible collective action to upgrade the drainage pipe under the Mohlings property. The plan was rejected due to the division of costs.

The Mohlings' northern neighbors objected to the side yard variance. The Mohlings offered to reduce the variance from three feet, to a mutually agreeable five feet setback, requiring a slight change to the submitted site plan. The neighbors again expressed concern about drainage, but the Board appeared satisfied the Mohlings' updated plan would adequately resolve this issue. After

some procedural confusion as to which plan was being voted on, the Board approved the variance with five foot setbacks and all drainage improvements to be only on the Mohling property. Three members voted for the plan, two voted against, and the Board recorded the reasons for their votes in writing.

On February 18, 2014, Condon timely filed a petition for a writ of certiorari and the district court issued a writ on February 25. The Mohlings' motion to intervene was granted without objection. The case was tried by the district court which affirmed the ruling of the Board on July 15. Condon appeals.

## II. Standard of Review

Iowa Rule of Civil Procedure 1.1412 controls review of an appeal from a district court's decision on a writ of certiorari. *Baker v. Bd. of Adjustment*, 671 N.W.2d 405, 414 (Iowa 2003). It provides an "[a]ppeal to the supreme court lies from a judgment of the district court in the certiorari proceeding, and will be governed by the rules applicable to appeals in ordinary actions." Iowa R. Civ. P. 1.1412. Therefore, our review is for assigned errors only. *Baker*, 671 N.W.2d at 414. We are bound by the district court's findings only if they are supported by substantial evidence. *Chrischilles v. Arnolds Park Zoning Bd. of Adjustment*, 505 N.W.2d 491, 493 (Iowa 1993). "Evidence is substantial 'when a reasonable mind could accept it as adequate to reach the same findings.'" *City of Cedar Rapids v. Mun. Fire & Police Ret. Sys.*, 526 N.W.2d 284, 287 (Iowa 1995) (citation omitted). "We are not bound by erroneous legal rulings that materially affect the court's decision." *Id.* (citation omitted).

**III. Sufficiency of the Board's Findings**

The issue of zoning variances and the actions of boards in granting them has resulted in our courts gradually providing less stringent requirements for board approval. The Iowa Supreme Court in *Citizens Against* originally stated "boards of adjustment shall make written findings of fact on all issues presented in any adjudicatory proceeding." 277 N.W.2d at 925. However in *Bontrager*, 748 N.W.2d at 488, the court held that a board only needs to substantially, and not literally, follow this requirement. We will find substantial compliance if the rule "has been followed sufficiently so as to carry out the intent for which it was adopted." *Id.* (citation omitted). The rule's intent is "to enable a reviewing court to determine with reasonable certainty the factual basis and legal principles upon which the board acted." *Citizens Against*, 277 N.W.2d at 925. In effect, the Board's findings need not be written if the Board's factual basis and legal principles can be determined without them.

A. Rules of the Board

Condon claims the document captioned "Instructions for Variance Application" establishes the rules of the Board. Condon believes the Board must address each of the seven specific findings in order to grant a variance. However, the district court held the document to be "an information sheet designated to educate applicants about the formalities necessary [to receive a variance]." We find the district court's holding to be supported by substantial evidence and agree all seven specific findings need not be addressed in each decision impacting a variance.

Condon further claims if this document does not represent rules adopted in conformance with the statute the Board's actions are per se illegal. *See Citizens Against*, 277 N.W.2d at 923 ("We hold the failure of the board to adopt rules as directed by both the statute (§358A.12) and the ordinance (§61) invalidates the grant of the permit. . . ."). We find this argument is flawed. The failure of Condon's document to be declared formal rules only proves the "Instructions for Variance Application" were not rules. It does not follow from this finding there are no rules. Neither party below claimed or presented evidence the Board failed to adopt rules. Condon has only succeeded in proving the offered documents were not the rules, it has not succeeded in proving the rules do not exist.

B. Required Findings

In order to determine what findings the Board must make we examine the Dickinson County Zoning Ordinance itself. It provides:

> 1. A written application for a variance is submitted demonstrating:
>     a) That special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same district.
>     b) That literal interpretation of the provisions of this Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this Ordinance.
>     c) That the special conditions and circumstances do not result from the actions of the applicant.
>     d) That granting the variance requested will not confer on the applicant any special privilege that is denied by this Ordinance to other lands, structures, or buildings in other districts.

After the application is received the zoning ordinance provides:

5. The Board of Adjustment shall further make a finding that the reasons set forth in the application justify the granting of the variance, and that the variance is the minimum variance that will make possible the reasonable use of the land, building or structure.
6. The Board of Adjustment shall further make a finding that the granting of the variance will be in harmony with the general purpose and intent of this Ordinance and will not be injurious to the neighborhood, or otherwise detrimental to the public welfare."

Dickinson County, Iowa, Zoning Ordinance art. 28, §5(C)(1, 5-6).

The ordinance only requires the Board to make findings concerning reasons which justify the variance, the variance is harmonious with the ordinance, and the variance will not be injurious to neighbors and the public welfare.

The Board made findings on the issues required of them. The record contains the ordinance, the application submitted by the Mohlings, the testimony of Allan Mohling, their contractor, their surveyor, and a host of neighbors. With this information the Board could decide all three of the findings required of them. This combined with the vote approving the setbacks and drainage plan constitutes substantial evidence the Board made the required findings.

C. Contradictory Findings

Condon claims the Board's findings were contradictory. On a form titled "Findings of the Board of Adjustment [:] Variance Application" the Board recorded three items in the "Reasons for denial or conditions of approval" section. The district court summarized the writing:

"…[T]he form asked for 'Reasons for denial or conditions of approval are: . . .' In handwriting it was inserted: 'Approved: 1Ai.- something unique or special about the property.' Beneath that was written: 'Deny: B.[V]. The variance will be harmful to the neighborhood or detrimental to the public welfare.' Beneath that: '3a. Merely a convenience to the applicant.' Jeff Ashland as secretary of the Board endorsed approval on the application. It was

noted in handwriting that 'Application is approved with the change in the garage plan to 5' side yards with Jim Blum's proposed drainage plan on the Mohling property only.'"

Condon claims the writing shows the Board made contradictory findings of fact, and therefore, the Board is not in substantial compliance with the requirements of *Citizens Against*, 277 N.W.2d at 925. We disagree and find the conflicting statements simply reflect the division of the vote. We find the two dissenting votes had their reasoning recorded along with the prevailing reason the three affirming voters approved the variance. Additionally, the minutes of the two board meetings, testimony, written applications, and site plans contain enough information for the trial court and reviewing courts to assess the process and reasoning of the Board.

Finally, the neighbors claim the Board was also required to approve the final and true site plan. The Mohlings' final site plan – which was the only plan showing the negotiated five foot setbacks and the drainage plan utilizing only the Mohlings' property – was never approved by the Board, however, we have determined this document does not contain the rules of the Board, and therefore, we need not address this claim.

We affirm the decision of the district court.

**AFFIRMED.**